# Postens *against* Postens.

A recovery in our form of ejectment is conclusive of the plaintiff's right to the profits which accrued in the interval between such recovery and a subsequent recovery by the adverse party.

It *seems*, the refusal of the court below to give a preference of trial to a cause lower on the list, is not assignable for error where there is no violation of a plain legal right.

**THIS** was an action of trespass, brought in the Common Pleas of *Monroe* county by the defendant in error, William Postens, against the plaintiff in error, James Postens, for the recovery of *mesne* profits of land, for which he had brought an action of ejectment against James Postens, and obtained a verdict and judgment.

The suit was brought on the 8th of July 1839, of September term 1839, No. 12. On the 19th of August 1839, James Postens brought an action of ejectment to September term 1839, No. 23, against William Postens and Charles Postens, his tenant in possession, for the recovery of the same premises.

Both causes being upon the trial list, upon the calling of the list at May term 1841, May 11th 1841, the counsel for the plaintiff in error moved the court to postpone this cause until the ejectment No. 23, September term 1839, for the same premises between the same parties, should be disposed of. The court refused the motion and directed the cause to proceed, and a verdict was rendered for plaintiff below for $338.37.

At the same term, the ejectment No. 23, September term 1839, was tried, and verdict for plaintiff in error.

The defendant sued out this writ of error, and assigned for error, that the court compelled the trial of this cause before the ejectment for the same premises between the same parties, then on the trial list, had been disposed of.

[Postens v. Postens.]

*Maxwell* and *Porter*, for the plaintiff in error.

*Hepburn* and *Ihrie, contra.*

The opinion of the Court was delivered by

GIBSON, C. J.—A recovery in ejectment while the action was founded on a fiction, did not at first estop the defendant in trespass for the mesne profits brought in the name of the plaintiff's lessor, from contesting his title to the possession during the time in which the profits had accrued, because the lessor was not a party on the record, and therefore could not have the benefit of an estoppel from it. Neither was he concluded by a judgment against his lessee, who was the legal plaintiff; and therefore it was, and not for anything peculiar to the nature of an action for land in the abstract, that the loser might renew the contest *toties quoties*. But as regards the action for mesne profits, it afterwards came to be settled by Lord Mansfield in *Aslin* v. *Parkin*, (2 *Burr*. 667), that the technical effect of the fiction is to be disregarded, and the lessor of the plaintiff treated as the legal party. The consequence was, that though a discomfited defendant might resort to another ejectment for the determination of the title prospectively, he was not at liberty to contes this adversary's title to the mesne profits, which accrued during the period of the demise laid in the previous suit, whether the action for those profits were brought in the claimant's own name, or in that of the fictitious lessee. Thus stood the matter at the common law; and it has always, I believe, been considered that our statute, which stripped the action of its fiction, does not touch the substantial consequences which arose from the peculiarity of its form. Thus, though the actual parties are brought by it face to face on the record, and though the writ which it prescribes is in substance a writ of right, yet no estoppel is created by the judgment; and it is only by a supplemental statute that even a qualified limitation is affixed to the right of the parties to renew the contest. And thus, too, though the writ contains no demand of damages to bring it formally within the purview of the statute of Gloucester, costs have continued to be taxed in the action as they had been before. Why, then, should not a recovery in it continue to be an estoppel where it had been so before, especially when the machinery which once was thought to stand in the way of that consequence, has been removed? It is true that no term is now demanded as a specific subject of recovery; but there is a term existing between the time of recovery and the suing out of the writ which is covered by the action, and during which the plaintiff's right to recover is established by the judgment. There is no reason, then, why a recovery in our form of ejectment should not be conclusive of the plaintiff's right to the profits which accrued in that interval; and such, I have always understood, has been the sense of the profession. Indeed, a concession of the principle was the foundation of the

[Postens v. Postens.]

defendant's motion which is the subject of error here. Had the court, therefore, postponed the trial of this action of trespass to give the defendant an opportunity to undermine the foundation of it by a counter recovery in another ejectment, it would not, in any event, have benefited him; for such a recovery, as it could not have reversed or abated the previous judgment, would not have nad the desired effect. But if all this were otherwise, we would be at a loss to see how it could give him a priority of trial. Even if the rights acquired by the previous recovery were liable to be made the sport of chance, still the chances of the trial list were adverse to the pretensions of him who insisted on a supposed right to have the first cast of the dice; and the maxim of *prior in tempore, potior in jure,* might, in a peculiar sense, have been applied to his case. At all events, we see no violation, in it, of a plain legal right which alone gives a title to redress by writ of error.

Judgment affirmed.