# Sopp *et al. versus* Winpenny.

1. A judgment in ejectment against the defendant is conclusive evidence that he was in possession when the writ was served.

2. Such judgment is but primâ facie evidence that he continued in possession when the *habere* was executed; and he may show that he had left the possession or was not in it after the service of the writ.

3. Interest may be allowed on mesne profits.

4. In an action for mesne profits and judgment against several, error appearing but as to one, the judgment was reversed as to him and affirmed as to the rest.

March 2d 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 302, to January Term 1870.

This was an action of trespass for mesne profits to March Term 1866, brought by Samuel Winpenny against Ernst Sopp, John Born, Squire Dunkerly, Alexander Krail and Henry Becker. Sopp, Born and Krail pleaded "not guilty;" judgment was entered against Dunkerly and Becker for want of a plea.

The cause was tried, January 6th 1869, before Greenbank, J. The plaintiff gave in evidence the record of an action of ejectment by the plaintiff against the defendants in this case, commenced June 29th 1865, for the premises for which the mesne profits were claimed, and judgment July 12th 1866; also writ of habere facias to March Term 1867, under which the plaintiff obtained possession, February 10th 1867, up to which time from June 29th 1865 the plaintiff claimed for mesne profits.

John Hamm, for the plaintiff, gave evidence of the amount of rent collected by him as agent of the plaintiff, from the tenants of the premises. The defendants then offered to show the statement made by Dunkerly and Krail, tenants, to witness when he called on them for rent. Plaintiff objected to the question, it was overruled, and a bill of exceptions sealed. He gave evidence of the value of the rents and profits of the defendant.

Sopp then offered to prove that he had not been in possession of any part of the premises, nor in the receipt of any rents and profits since June 29th 1865. He also offered in evidence the

[Sopp v. Winpenny.]

record of a second ejectment for the premises brought March 3d 1866 by the plaintiff against the defendants in this case in which the verdict was in favor of Sopp. Both these offers were objected to, rejected by the court, and several bills of exception sealed.

The court charged:—

" The plaintiff brought an action of ejectment against the defendants for the property in question, and recovered a verdict and judgment therein. In February 1867, the plaintiff obtained possession. Sopp has offered to show that he was not in possession. His possession was one of the questions in that suit, and [that suit settled that all the parties defendant therein were in possession from June 29th 1865, until February 10th 1867. The only question, therefore, is as to the amount of the damages.] The plaintiff has a right to claim interest on the mesne profits.

" The counsel of defendant, Sopp, has requested me to charge you as follows, viz. :—

' 1. If the jury believe from the evidence that the defendant, Sopp, has not been in possession of any part of the premises in question at any time since June 29th 1865, nor in the receipt of any part of the rents or profits thereof, the verdict should be for the defendant, Sopp.'

' 2. Under the evidence the verdict should be for the defendant, Sopp.'

" I decline to charge you as requested in either of those points."

The jury found a verdict for $674 for the plaintiff, on which a general judgment was entered.

The defendants took a writ of error and assigned for error:—

1. The rejection of the offer in the first bill of exceptions.

2 and 3. The rejection of the offers in the other bills of exception.

4. Not affirming defendants' points.

5. The part of the charge in brackets.

6. Charging that plaintiff was entitled to interest on the mesne profits.

*J. G. Leach* (with whom was *B. Woodward*), for plaintiff in error.—The plaintiff must prove the length of time the defendants have been in actual possession : Adams on Ejectment 458 ; West *v.* Hughes, 1 Harr. & Johns. 574 ; Hare *v.* Fury, 3 Yeates 13 ; Poindexter *v.* Cherry, 4 Yerger 305.

*R. P. White* (with whom was *G. H. Earle*), for defendant in error.—The judgment in ejectment was conclusive as to mesne profits from its commencement until possession under the habere : Osbourn *v.* Osbourn, 11 S. & R. 55 ; Drexel *v.* Man, 2 Barr 271. Born's possession was Sopp's : Doe *v.* Harlow, 2 M. & Rob. 40. These assignments of error go only to the judgment against Sopp ; it may

[Sopp *v.* Winpenny.]

be reversed as to him and affirmed as to the rest : McCanna *v.* Johnston, 7 Harris 434.

The opinion of the court was delivered, May 8th 1871, by

AGNEW, J.—The first assignment of error needs no notice. If at all competent the offer was made out of order. The 2d, 3d, 4th and 5th assignments raise a single question upon the conclusive effect of the action of ejectment, the record of which was given in evidence. This was an action for mesne profits, and the defendant, Sopp, offered to show that he was not in possession after the bringing of the ejectment ; but the court below held that his possession was one of the questions in that suit, and that it settled that all the defendants were in possession from the 29th of June 1865, the date of the issuing of the writ, until the 10th of February 1867, when possession was delivered to the plaintiff upon the writ of habere facias possessionem, and that they were all liable for the mesne profits during that period. This was an error. The ejectment is conclusive evidence that Sopp was in possession when the writ was served on him, but only primâ facie evidence that he continued therein until the delivery of the premises to the plaintiff. It is well settled that the verdict and judgment in ejectment are conclusive of the plaintiff's right of possession, and his right to the mesne profits between the bringing of the ejectment and the delivery of the possession under the habere facias possessionem. During this interval his right cannot be questioned : Postens *v.* Postens, 3 W. & S. 182 ; Drexel *v.* Man, 2 Barr 271 ; Man Jr. *v.* Drexel, 2 Barr 202 ; Osbourn *v.* Osbourn, 11 S. & R. 55 ; Huston *v.* Wickersham, 2 W. & S. 313 ; Tillinghast's Adams on Ejectment, ed. 1840, pp. 388, 389. But the defendant's continuance in possession after service of the writ stands on a different footing, and neither on principle nor authority will he be prevented from showing that he had left the possession, or was not in it after service. The trial of an ejectment proceeds upon the state of the case as it stood at the bringing of the suit, and evidence of the possession after the service of the writ down to the time of trial is not generally given, except where the plaintiff is proceeding under notice to recover the mesne profits in the ejectment. The verdict and judgment, therefore, conclude the defendant only as to the plaintiff's right to the mesne profits during the interval before mentioned, and his own tortious possession at the bringing of the suit. But if he openly, notoriously and fairly abandons the possession, or if the plaintiff resumes it before trial, there is no reason why he should pay for profits never reaped. The ejectment decided against him being conclusive of his possession at the time of the service upon him, the presumption is that he continues in possession, and the record is, therefore, primâ facie evidence of the fact. But the plaintiff's present action being for damages for the withholding of the possession from him, the mesne profits,

[Sopp *v.* Winpenny.]

which constitute the principal measure of the damages, must be determined by the length of the possession as well as the defendant's acts while therein. It is, therefore, reasonable that he should be permitted to show when his possession actually ceased. The authorities are also in this way: Hare *v.* Fury, 3 Yeates 13; Bailey *v.* Fairplay, 6 Binney 450; Mitchell *v.* Freedley, 10 Barr 198; Tillinghast's Adams's Equity, ed. 1840, p. 390.

The question being one of damages the jury may allow interest on the mesne profits: Drexel *v.* Man, 2 Barr 276; Huston *v.* Wickersham, 2 W. & S. 208.

The error of the court not having injured any one but Sopp, the judgment will be reversed only as to him, and modified by affirming it as to the others, according to McCanna *v.* Johnson, 7 Harris 435.

Judgment reversed as to Ernst Sopp, and affirmed as to the other defendants, with leave to the plaintiff to move the court, if there be cause, for a *venire facias de novo* as to Sopp.