## JULIA THORNTON ET AL. v. W. BRITTON ET AL.

### APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 11, 1891—Decided October 5, 1891.

1. An action for mesne profits was brought in the name of a husband and wife in right of the wife, but tried on the merits as though it had been brought in the name of the husband for use of the wife. The error, though formal, was material, but was amendable in the Supreme Court: § 2, act of May 20, 1891, P. L. 101.

2. The return of the summons, in the preceding ejectment in which the plaintiff had judgment for the land, was conclusive evidence of the possession of all the defendants at the time of service, and presumptive evidence of their continuance in possession until overcome by evidence to the contrary.

3. The record of the ejectment being in evidence, in the action for mesne profits against the same defendants, the trial court could not say to the jury, as matter of law, that there was no evidence connecting one of the defendants with the possession of the other.

4. Testimony of one of the defendants, tending to show merely that he alone had an actual residence on the land, during the time claimed for, was insufficient to rebut the presumption of his co-defendant's joint possession and liability: Sopp v. Winpenny, 68 Pa. 78; Miller v. Henry, 84 Pa. 33, distinguished.

5. Where it is shown that a witness whose deposition was read upon a former trial, between the same parties upon the same subject-matter, though residing in the county is aged and infirm, the admission of the deposition in the action for mesne profits is subject to the lawful discretion of the trial judge.

Before Paxson, C. J., Williams, McCollum and Mitchell, JJ.

No. 50 July Term 1890, Sup. Ct.; court below, No 285 March Term 1886, C. P.

On February 11, 1886, " Julia Thornton and John R. Thornton, her husband, in right of said Julia," brought trespass for mesne profits against William Britton, George E. Hogg and George A. Wilson. Defendants Hogg and Britton pleaded "not guilty, and not guilty infra sex annos."

At the trial, on November 22, 1889, the plaintiffs put in evi-

### Statement of Facts.

dence the record of the District Court of the United States for the Western District of Pennsylvania, of an action of ejectment by J. Russell Thornton, the plaintiff in the present case, against William Britton, George E. Hogg and George A. Wilson, the defendants herein. This record showed that the summons in ejectment was issued and served on the defendants on April 12, 1880; that a verdict for the land in dispute, containing about 270 acres, the same land as to which damages and mesne profits were claimed in this case, was rendered for the plaintiff, J. Russell Thornton; that a writ of error to the Supreme Court of the United States was taken by the defendants, and that the judgment of the District Court was affirmed on December 15, 1884: See Britton v. Thornton, 112 U. S. 526; and that on February 5, 1885, a habere facias from the said District Court was executed putting the plaintiff, J. Russell Thornton* in possession.

It was made to appear that on the trial of the ejectment in the District Court of the United States the plaintiff had introduced testimony upon the subject of mesne profits, but had withdrawn that claim before the case was submitted to the jury. In the testimony in the present suit, relating to that subject, the plaintiffs called Adam Crawford, who testified that he was a son of Ephraim Crawford of Luzerne township, and that his father was nearly eighty-seven years of age and was not able to leave his house; he had "some kind of a nervousness, palsy; something of that kind." Plaintiffs then offered to read the deposition of Ephraim R. Crawford, taken on the trial in the District Court of the United States at Pittsburgh, on the subject of mesne profits.

Mr. Lindsey: The defendants object that the evidence is incompetent; that the witness is living in the county, and his deposition should have been taken.

By the court: The offer being to read the testimony of the

---

* The title of Mr. Thornton was under the will of his grandfather, Joseph Thornton, dated October 3, 1839. Why the present suit was brought as it was did not appear. Throughout the case, the title was treated as still in the husband. In the paper-book of the plaintiffs (appellees), however, it was stated that the suit was "for use of Julia Thornton whose money her husband received and used in conducting these cases in twenty years past."

Charge of Court below.

witness taken on a former trial of the case, between the same parties in relation to the same subject-matter, the objection is overruled; exception.[4]

The deposition was then read.

The plaintiffs having rested, William Britton, one of the defendants, was called, and testified that he had gone into possession of the property in 1880, after a verdict and judgment in an earlier action in the District Court of the United States. On cross-examination he testified that in February, 1885, the same possession continued that existed on the day of the service of the summons in ejectment by the plaintiff. On re-direct, he testified further: " Q. Who had possession of this farm from the twelfth of April, 1880, until the time the suit was brought? A. I had possession. Q. You personally, or who else? A. Well, I moved on to it personally. I could get no one to go on to it. Q. Has Mr. Hogg or Mr. Wilson had it in possession, or Mr. Wilson? A. No, sir, I had it individually."

At the close of the case on the evidence, the court, INGHRAM, P. J., instructed the jury, answering certain points presented as follows:

The defendants request the court to charge the jury:

1. That the plaintiffs cannot recover because no right, or title, has been shown in Julia Thornton.

Answer: Refused.[1]

2. That, there being no evidence connecting George E. Hogg with the possession of the premises from the eleventh of February, 1880, until the bringing of this suit, no verdict can be rendered against him.

Answer: Refused.[2]

3. That the statute of limitations is a bar to the recovery of all rents, issues and profits accruing prior to six years before the beginning of this suit.

Answer: Affirmed.

4. If the jury believe from the evidence that George E. Hogg never had any possession of the premises within six years prior to bringing of this suit, no verdict can be rendered against him.

Answer: Refused.[3]

—The jury returned a verdict in favor of the plaintiffs for

$6,896.82.   A rule for a new trial having been discharged and judgment entered, the defendants took this appeal, assigning for error :

1–3. The answers to the defendants' points.[1 to 3]

4. The admission of the plaintiffs' offer.[4]

*Mr. S. E. Ewing* (with him *Mr. R. H. Lindsey*), for the appellants.

On the second and third assignments, counsel cited : Sopp v. Winpenny, 68 Pa. 78; Miller v. Henry, 84 Pa. 33.   On the fourth assignment: § 9, act of May 23, 1887, P. L. 161.

*Mr. W. H. Playford* (with him *Mr. Edward Campbell*), for the appellees.

That this court will not reverse for a harmless error, counsel cited: Dunkle v. Harrington, 101 Pa. 465 ; Pentz v. Clark, 100 Pa. 450; Knapp v. Hortung, 103 Pa. 400 ; McCahan v. Wharton, 121 Pa. 424; Pardee v. Orvis, 103 Pa. 451; Ziegler v. Handrick, 106 Pa. 87; Chase v. Hubbard, 99 Pa. 230; Murphy v. Chase, 103 Pa. 260; Lerch v. Snyder, 112 Pa. 161.   On the fourth assignment: Pratt v. Patterson, 81 Pa. 114.

OPINION, Mr. JUSTICE MITCHELL :

The first assignment of error relates to the form of the action. It is stated by appellant as an action by Julia Thornton and John R. Thornton, her husband, in right of the said Julia, while the counter-statement by appellee describes it as an action by J. R. Thornton for the use of Julia Thornton his wife.   The difference, though formal, is material.   In the first form, it would not be a bar to another action by the husband in his own right; in the second it would.   The record, as sent up to us, does not contain the original præcipe, summons or narr, so that we are unable to say positively which contention is right; but from the copy of docket entries, and the entire absence of any evidence as to title in the wife, we presume that the action, though in form by the wife, was intended to be by the husband for her use.   The error, being formal, was amendable; and, as the case seems to have been tried on the merits between the real parties, we will allow it to be amended here : Act of May 20, 1891, P. L. 101.

The second and third assignments may be taken together. The second is easily disposed of. The court was asked to say as matter of law that no verdict could be rendered against Hogg. But the return to the writ was conclusive as to his possession at the time of service, and presumptive evidence of his continuance in possession. This presumption could only be overcome by evidence to the satisfaction of the jury. In no view, therefore, could the court say, as matter of law, that there was no evidence connecting Hogg with the possession. The next point should have been submitted to the jury, if it was supported by sufficient evidence. The return was, as already said, presumptive evidence of continued possession. Under the cases of Sopp v. Winpenny, 68 Pa. 78, and Miller v. Henry, 84 Pa. 33, Hogg was entitled to show in this action that his possession had terminated, but the onus was on him to do so, to avoid liability. The only evidence tending to that result was that of Britton, who testified: "I had possession. Q. You, personally, or who else? A. Well, I moved on to it personally; I could get no one to go on to it. Q. Has Mr. Hogg . . . . . had it in possession? A. No, sir; I had it individually." This clearly refers to actual residence on the land. But Hogg was Britton's tenant in common, and there is nothing in the latter's evidence to show any claim of adverse title, or ouster of Hogg's joint legal possession. It is entirely consistent with Britton's accounting to Hogg for his share of the profits, or at least with his obligation to do so. Such evidence falls far short of the standard required by Sopp v. Winpenny, and the court was right in treating it as insufficient to overthrow the legal presumption arising from the return to the writ.

The testimony of Crawford, the subject of the last assignment, was taken in a previous action between the same parties and in relation to the same matter. The best evidence, of course, is the testimony of the witness himself given in the presence of the jury. A deposition is not a full equivalent, and especially if much time has elapsed, or the litigation has taken another turn. Both parties, therefore, are entitled to have the witness before the jury in propria persona, if that be practicable; but whether it is practicable or not must be determined by the trial judge, and is largely within his discretion.

Of course, if the witness be dead, or out of the jurisdiction of the court, the notes of his testimony are competent evidence, being equivalent to a deposition: Pratt v. Patterson, 81 Pa. 114. But, even if the witness, though alive and within the jurisdiction of the court, be old, or infirm, or sick, to a degree that renders his attendance in court dangerous or unduly burdensome to himself, or impracticable for other reasons, then his deposition may always be substituted for his bodily presence, and the determination of this question in each case as it arises rests largely in the discretion of the court. On a trial for murder, for instance, the judge presiding would feel it his duty to enforce the attendance of a witness having knowledge of the crucial facts, even at some risk to the witness's health or life ; while in a civil action he might feel free to hold that a much smaller risk to the witness would be sufficient to excuse him from personal attendance. In the present case, it was shown that Crawford was eighty-seven years old and confined to his room. We cannot say that the learned court was wrong in holding that his testimony at the former trial might be read, instead of enforcing his attendance, or compelling plaintiff to take his deposition over again, when lapse of time since the occurrences to which it related, and advancing years, might render it less weighty with the jury.

Appellee has leave to amend the form of action, and thereupon

Judgment affirmed.