## Davidov *v.* Bail, Appellant.

*Practice, C. P.—Affidavit of defense—Husband and wife—Necessaries—Book entries.*

In an action for goods sold and delivered to defendant's wife, where the statement of claim sets forth the amount alleged to be justly due, that the goods were necessary for defendant's wife and in accordance with the requirements of her station in life, and that the wife resided with defendant, and the annexed copy of book entries shows the kind and value of the goods and the dates of their delivery, the defendant is bound to file an affidavit of defense, and this is so, although the defendant's name does not appear in the copy of book entries, and the entries are not in chronological order, and one of the entries is for remodeling a suit for a woman other than the defendant's wife. In such a case the remodeling of the suit might be for a domestic servant, and in the absence of an affidavit of defence denying the averments of the statement of claim the plaintiff is entitled to judgment.

Argued Oct. 13, 1903. Appeal, No. 105, Oct. T., 1903, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1903, No. 2081, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William Davidov and Henry Sander, trading as Davidov & Sander, v. Bernard H. Bail. Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ. Affirmed.

Assumpsit for goods sold and delivered.
Plaintiff's statement was as follows :
The plaintiffs are tailors and makers of ladies' clothes and

they sold and delivered to the wife of the said defendant at her special request various goods and articles of wearing apparel each and all of which were necessary for her and in accordance with the requirements of her station in life.

That the said wife of the said defendant resides with him and is part of his household and family. That said plaintiffs herein set forth a copy of their book of original entries showing the dates when said goods and articles of wearing apparel were supplied and the prices charged therefor and said plaintiffs aver that said prices are the usual and proper charges for said goods.

### COPY OF BOOK OF ORIGINAL ENTRIES.

| | |
|---|---:|
| Oct. 30, 1901, Skirt | $ 35.00 |
| Oct. 30, 1901, Coat | 35.00 |
| Nov. 7, 1901, Pink suit | 135.00 |
| Nov. 24, 1901, Black suit | 65.00 |
| Nov. 24, 1901, Coat | 35.00 |
| 1902 | |
| Feb. 3, 1902, Tan coat | 75.00 |
| Feb. 3, 1902, Moire coat | 50.00 |
| Feb. 3, 1902, Moire coat, embroidered | 10.00 |
| Feb. 21, 1902, Golf suit | 60.00 |
| Feb. 21, 1902, 3 Vests | 9.00 |
| Mar. 31, 1901, Remodeling suit for Mrs. Morrison | 20.00 |
| Apr. 3, 1901, Repairing skirt | 5.00 |
| Apr. 10, 1901, Coat | 25.00 |

That these charges amount in the aggregate to $559, upon which there is due interest amounting to $42.39, but that this total sum has been reduced by payments amounting to $469 and allowance of interest amounting to $25.87, leaving a balance of $106.52, for which suit is brought.

The affidavit of defense was as follows :

Bernard H. Bail, being duly sworn doth depose and say, that he has a just and true defense to the whole of the plaintiffs' cause of action, but he is advised by his counsel that it is not necessary at this time to set the same forth because the said book account upon which suit is brought is not such a

one as entitles the plaintiffs to judgment for want of an affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Howard Morrison*, for appellant.

*Michael J. Ryan*, for appellees.

PER CURIAM, November 16, 1903 :

The defendant, whilst averring in general terms that he had a just and true defense to the whole of the plaintiff's claim, declined to set it forth, because he was advised by his counsel that the book account upon which suit was brought is not such a one as entitles a plaintiff to judgment for want of an affidavit of defense.

His first specific objection is that the copy of the book entries attached to the plaintiff's statement does not charge the defendant. This would have been a valid objection under the act of 1835 (Wall v. Dovey, 60 Pa. 212), but under the act of 1887, the affidavit of defense must be made to the statement, to which the copy of book entries is only an appendix or exhibit which may be helped out by averments ; so that the failure to name the defendant therein is no longer a fatal defect : Fritz v. Hathaway, 135 Pa. 274. See also Genesee Paper Co.v. Bogert, 23 Pa. Superior Ct. 23. The copy must be a correct and complete copy, but it being distinctly and positively alleged in the statement and not denied in the affidavit of defense, that the list of goods furnished, the dates when furnished and the prices, is a copy of the plaintiff's book of original entries, and there being nothing in the statement to cast doubt upon the allegation, it would seem clear that upon demurrer, or what is equivalent thereto, this averment must be taken as true.

The defendant's second objection is that the copy shows five items furnished in 1901, followed by five items furnished in 1902, and then three items furnished in 1901, thus showing that these last entries were made a year after the items were furnished. It is argued by his counsel that such a book account would be excluded on the trial, and in support of this proposi-

tion he cites Vance v. Fairis, 2 Dall. 217. But the fact above alluded to does not necessarily compel the presumption that the copy is not a true copy, nor is the fact that the plaintiffs did not keep their book of original entries in such a way as to entitle them to put it in evidence upon the trial, more conclusive against their right to recover upon the cause of action set forth in the statement, than would be the fact that they kept no book at all. Having complied literally with the act of 1887 as to attaching a copy and having set forth in their statement of claim a good cause of action, it was incumbent upon the defendant to reply to it by affidavit. As was said in Bridgeman Bros. Co. v. Swing, 205 Pa. 479, so it may be said of the statement and copy in the present case : " This would have been entirely good as a common count with bill of particulars under the previous practice, and no defect has been pointed out as to precision or certainty of parties and amounts which would make it bad in any of the features the procedure act was intended to require."

The defendant's third objection is to the item " March 31, 1901, remodeling suit for Mrs. Morrison." This is to be taken in connection with the undenied allegation of the statement that the defendant's wife resides with him and is part of his household and family, and that all the articles were sold and delivered to her and " were necessary for her and in accordance with the requirements of her station in life." Under some circumstances, domestic service, if in accordance with the means of the husband and wife and the social station of the family, may be regarded properly as belonging to the class of necessaries for which a wife living with her husband has the implied power to bind him : 15 Am. & Eng. Ency. of Law, 877. And it is not inconceivable that the circumstances of these parties were such as to bring articles purchased for the proper attire of a servant within the same class, and that the item in question was furnished for that purpose. Therefore, although it was not furnished for the apparel of the defendant's wife, it does not necessarily and conclusively follow that we would be justified in declaring as a proposition of law that it was not within the class called necessaries, in the face of the positive and undenied averments of the statement heretofore alluded to. Whether it was so or not would depend upon the proof.

All that we decide is that it does not now conclusively appear that the averment of the statement is unsound in law or untrue in fact.

The case is one which called for an affidavit of defense, and none having been filed, it is to be presumed that the defendant had no defense to make.

Judgment affirmed.