# Smith *v.* Machesney, et al., Appellants.

*Negligence—Real property—Obstruction in footway—Question
for jury—Parties—Husband and wife—Wife's separate property—
Judgments—Modification of judgment—Act June 8, 1893, P. L.
344.*

1. In an action against the owner of real estate for personal
injuries alleged to have been caused by an obstruction upon the
sidewalk in front of defendant's property, the question of defend-

ant's negligence is for the jury where it appears that the plaintiff had stumbled over the edge of a freight elevator which was operated from the cellar beneath defendant's building up through the sidewalk; that the top of the elevator, which was intended to seat into a framework flush with the sidewalk, was out of order, so that it projected above, leaving a space of about three inches, in which the plaintiff's foot was caught; and that the elevator had been permitted to remain for some time in this condition, of which defendant's employees had knowledge.

2. In such a case plaintiff cannot be convicted of contributory negligence as a matter of law because she passed along the sidewalk where she knew the elevator was located at a time when there were coal wagons standing in front of the building, and knew that coal was being put in or ashes taken out, where it does not further appear that she knew the elevator was not properly in position.

3. In such a case it is error to join husband and wife as joint tort feasors where the liability for which recovery is sought is based entirely upon the wife's ownership of the property and the neglect of duty charged was that of her employees, no claim being made against the husband as an actual tort feasor.

4. Where in such a case a judgment has been obtained against both defendants after a trial in which there was no error as to the wife, the Supreme Court may affirm the judgment as to her and reverse it as to the husband.

Argued October 29, 1912. Appeal, No. 143, Oct. T., 1912, by defendants, from judgment of C. P. Allegheny Co., First T., 1908, No. 460, on verdict for plaintiff in case of Catharine Kelly Smith v. Caroline Jones Machesney and Haines Allen Machesney, her husband. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed as to Haines Allen Machesney; affirmed as to Caroline Jones Machesney.

Trespass to recover damages for personal injuries. Before Shafer, J.

The facts are stated in the opinion of the Supreme Court.

The jury rendered a verdict in favor of plaintiff for $4,480. Subsequently defendants made a motion for

judgment n. o. v., which was overruled and judgment entered on the verdict. Defendants appealed.

*Error assigned* was, inter alia, the refusal of the motion for judgment n. o. v.

*B. J. Jarrett,* with him *Willis F. McCook,* for appellants.—There was not sufficient evidence of negligence to go to the jury: Alexander v. Penna. Water Co., 201 Pa. 252; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Shafer v. Lacock, 168 Pa. 497; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Beck v. Germantown Cricket Club, 228 Pa. 173.

No notice to the defendants was shown: Frazier v. Penna. Railroad Co., 38 Pa. 104; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389.

Plaintiff was guilty of contributory negligence: Jones v. Canal Co., 178 Pa. 123; Dickson v. Hollister, 123 Pa. 421; Kennedy v. Friederich, 168 N. Y. 379 (61 N. E. Repr. 642); Purcell v. Riebe, 227 Pa. 503; Bowen v. Pennsylvania R. R. Co., 219 Pa. 405; Lautenbacher v. Philadelphia, 217 Pa. 318; Lerner v. Philadelphia, 221 Pa. 294; Cowen v. Kirby, 180 Mass. 504 (62 N. E. Repr. 968); Conrad v. Upper Augusta Township, 200 Pa. 337; Snyder v. Penn Township, 14 Pa. Superior Ct. 145.

The judgment against the husband cannot be sustained: Carleton v. Haywood, 49 N. H. 314; Wheeler & Wilson Mfg. Co. **v.** Heil, 115 Pa. 487; Gustine v. Westenberger, 224 Pa. 455.

*J. B. Orr,* with him *L. K. & S. G. Porter,* for appellee.—The question of the defendants' negligence was for the jury: Geiser v. Pittsburg Railways Co., 223 Pa. 170; Shafer v. Lacock, 168 Pa. 497; Dickson v. Hollister, 123 Pa. 421; McCoy v. Ohio Valley Gas Co., 213 Pa. 367.

There was sufficient notice to the defendants: McLaughlin v. Kelly, 230 Pa. 260; Lindstrom v. Pennsylvania Co. for Ins. on Lives and Granting Annuities, 212 Pa. 391; Dickson v. Hollister, 123 Pa. 421.

Plaintiff was not guilty of contributory negligence: McLaughlin v. Kelly, 230 Pa. 251; Dickson v. Hollister, 123 Pa. 421.

The husband was jointly liable with the wife for this tort: Franklin's Appeal, 115 Pa. 534; Hess v. Heft, 3 Pa. Superior Ct. 582; Deardorff v. Pepple, 36 Pa. Superior Ct. 224; Miller v. McGowan, 29 Pa. Superior Ct. 71; Wollaston v. Park, 47 Pa. Superior Ct. 90; Quick v. Miller, 103 Pa. 67; Wheeler & Wilson Mfg. Co. v. Heil, 115 Pa. 487.

Opinion by Mr. Justice Potter, January 6, 1913:

The defendants in this case, husband and wife, were sued in trespass to recover damages for personal injuries alleged to have resulted from lack of proper care in the maintenance of a freight elevator which was operated from the cellar beneath, up through the sidewalk in front of a building owned by the wife. The liability for which recovery is sought is based entirely upon the ownership of the property by the wife. It is not contended that either husband or wife was present when the tort was committed, or that the husband was personally guilty of the negligence which caused the injury to the plaintiff. The neglect of duty charged was that of the wife's employees, for which she would be responsible. The husband seems to have been joined as a defendant in this case under the idea that the common law liability of the husband for the torts of the wife still prevails. But whatever may have been the rule at common law, we held in Gustine v. Westenberger, 224 Pa. 455 (460) : "Since the passage of the Act of June 8, 1893, P. L. 344, a married woman may be sued civilly in all respects and in any form of action with the same effect and results and consequences as an unmarried person, except that she may not be arrested or imprisoned for her torts. Under that act, she and not her husband, is liable in damages for her torts." In the present case it was, therefore, not only unnecessary but im-

·proper to join the husband as a defendant. We do not understand that the claim in this case was made against the husband as an actual tort feasor, but only by reason of his supposed responsibility for the tort of his wife. While the judgment cannot stand as against the husband, yet if there was no error in the trial as to the wife, the real defendant, the judgment may well stand as to her, without the delay and expense of another trial. Similar action was taken in Walker v. Tupper, 152 Pa. 1; and in Sopp v. Winpenny, 68 Pa. 78, which was an action against several to recover mesne profits, where Mr. Justice Agnew said (p. 81) : "The error of the court not having injured any one but Sopp, the judgment will be reversed only as to him, and modified by affirming it as to the others, according to McCanna v. Johnston, 19 Pa. 434." The Act of May 20, 1891, P. L. 101, Section 2, provides : "The Supreme Court shall have power in all cases to affirm, reverse, amend or modify a judgment, order or decree appealed from, and to enter such judgment, order or decree in the case as the Supreme Court may deem proper or just, without returning the record for amendment or modification to the court below."

Turning to the evidence as to negligence, it was shown that the top of the elevator which was intended when lowered to seat into a framework in the sidewalk, and form part of the surface of the sidewalk, was out of order so that it would not seat properly, but instead projected above. One witness, Vincent Stewart, testified that when he heard plaintiff scream, and went to her assistance, there was a space of about three inches between the edge of the elevator cover and the pavement, where her foot was caught. He said that a crack in the elevator top caused it to sag in the middle and stick up on one side; that three nights before the accident he notified the watchman of plaintiffs' building that the cover would not go back into its place and that someone would get hurt there directly. Frank Molka, another

witness, testified that he had noticed the crack in the elevator cover two weeks before the accident; that when the elevator went down, the plate hit the side of the curb, and stuck up on one end; that it had done that every now and then during the two weeks, so that nearly every trip it was necessary to push the elevator down as it kept getting worse. He said that he also told the watchman about three weeks before plaintiff was hurt that the elevator was broken, and somebody would be getting hurt there some night. Mr. Dalzell, superintendent of the building, admitted that he noticed a crack in the elevator lid some six months before the accident, and also two weeks before. This and other evidence offered on the part of plaintiff was sufficient to take the case to the jury upon the question of the defendant's negligence in failing to keep the elevator in order. If, as the evidence tended to show, the elevator was permitted to remain for some time in a condition which constituted a trap to those using the sidewalk, the jury was justified in finding the defendant negligent in that respect. But counsel for appellants urge that in any event plaintiff was guilty of contributory negligence, in that she saw coal wagons standing in front of the building at the time, and knew that coal was being put in or ashes taken out, and notwithstanding this, she continued to walk along the sidewalk over the place where she knew the elevator was located. There was nothing, however, to show that plaintiff knew the elevator was not properly in position at the time. This question and that of the negligence of the defendant, Caroline Jones Machesney, were for the jury, and neither of them could properly have been passed upon by the trial judge as matter of law.

It is, therefore considered that the judgment as against Caroline Jones Machesney be affirmed, and that the judgment as against Haines Allen Machesney be reversed.