HOUSTON OIL CO. OF TEXAS v. JONES et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 27, 1913. Rehearing Denied Dec. 11, 1913.)

1. APPEAL AND ERROR (§ 499*)—RECORD—RESERVATION OF GROUNDS OF REVIEW.

Assignments of error based on the refusal of the court to give a peremptory instruction for appellant must be overruled in the absence of anything in the record to show that such instruction was ever called to the court's attention or acted on by it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

2. APPEAL AND ERROR (§ 1070*)—REVIEW—HARMLESS ERROR—VERDICT AND JUDGMENT.

Where the petition alleged that a described tract contained 160 acres, and sought recovery of an undivided one-half, or, if it contained more, an undivided one-half of 160 acres, that the verdict and judgment awarded an undivided one-half of the land as set forth in the petition, without more definite description, was not a fundamental error, since it cannot be said as a matter of law that the petition failed to describe the 160 acres claimed, and the verdict and judgment were in conformity therewith.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

3. ADVERSE POSSESSION (§ 95*)—TRIAL—ADMISSIBILITY OF EVIDENCE.

Evidence of failure to pay taxes on land during the time it was alleged that adverse possession was being asserted was material and admissible as against the claimants by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 530–532; Dec. Dig. § 95.*]

4. APPEAL AND ERROR (§ 1056*)—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Refusal to admit evidence of failure to pay taxes on land during the time it was claimed that adverse possession was being asserted by appellees was reversible error where, in view of all the testimony, the exclusion of such evidence is deemed to have been injurious to appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from District Court, Newton County; W. B. Powell, Judge.

Action by H. C. Jones and another against the Houston Oil Company of Texas. From

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Hightower, Orgain & Butler and W. H. Davidson, all of Beaumont, and H. O. Head, of Sherman, for appellant. Jno. B. Warren, of Houston, for appellees.

LEVY, J. This was an action of trespass to try title brought by the appellees against appellant to recover an undivided one-half interest in a tract of land described by metes and bounds in the petition. Appellant answered by denial and plea of not guilty. In a trial to a jury there was a verdict and judgment for appellees for an undivided one-half of 160 acres out of the land described in the petition. There was a trial agreement that the title to the land in controversy was good in the Houston Oil Company of Texas, and that it has title thereto unless same has been divested out of the said company by the adverse possession of those under whom plaintiffs claim. The verdict of the jury was in favor of appellees.

[1] The first and second assignments are presented together, and must be overruled. The assignments are predicated on the refusal to give a peremptory instruction for appellant. The record does not show that the special charge of peremptory instruction was ever called to the court's attention or acted on by him.

[2] The third assignment is presented as a fundamental error. The contention is that the verdict of the jury awarded appellees an undivided one-half of 160 acres of the land described in plaintiffs' petition, and the judgment describes the land awarded to appellees merely as an undivided one-half interest of a 160 acres of land out of the land described in the plaintiffs' petition, setting out the metes and bounds of the entire land as in the petition. The point made is that there was no sufficient and definite description of 160 acres, one-half interest in which was awarded appellees, by which such 160 acres can be identified. It was alleged in the petition that the land so described had been surveyed for appellees on several occasions, beginning in 1872 as 160 acres of land, and that it contained 160 acres. Plaintiffs further alleged that they were the owners of a one-half undivided interest in the land described, and in the alternative that, if it should be determined that it contained more than 160 acres, they recover their interest in 160 acres of the tract so as to include their improvements, and that the excess be taken off the north side. Looking, therefore, to the pleading, we cannot say as a matter of law that appellees failed to describe the 160 acres to which they claim title. And the verdict and judgment being in conformity to the pleading, a fundamental error based on the pleadings and judgment in the record cannot properly be said, we think, to appear.

The fourth assignment is based on a bill of exception to certain evidence. We think there was no error. Thornton v. Britton, 144 Pa. 126, 22 Atl. 1048; Boyd v. Railway Co., 101 Tex. 411, 108 S. W. 813.

[3, 4] The seventh assignment predicates error upon the refusal to permit evidence of the failure to pay taxes on the land in suit during the time it was claimed D. M. Jones was asserting adverse possession. It has been ruled that such evidence was proper and material. Harris v. Wagnon, 148 S. W. 606. Considering all the testimony in this case, it is deemed injurious to appellant to have been denied the evidence sought, and is reversible error.

The other assignments, except the one involving the sufficiency of the facts, should be overruled. It is not necessary to pass on the facts, and we do not undertake to do so.

The judgment is reversed, and the cause remanded for another trial.