# Lischko *v.* Potteiger & Hainley, Incorporated, Appellant.

*Negligence—Master and servant—Safe place to work—Dangerous appliances—Death—Relying on judgment of employer—Obvious danger—Charge—Case for jury.*

1. In an action against an employer to recover damages for the death of plaintiff's husband, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that deceased was killed as the result of a fall from a jack on which he was engaged at work as a painter; that he had complained to the foreman that the jack appeared to be unsafe and that the foreman told him it was all right; that after the accident portions of the broken jack found near the body of deceased were in a rotten, water-soaked and mushy condition, although this was denied by defendant.

2. In such case there was no error where the court charged in effect that the employee had a right to rely on the superior judgment of the foreman and if the accident occurred after the foreman, without inspection, "in substance and effect directed the deceased to go to work on the jack," plaintiff could recover unless the defects were open and obvious.

Argued Jan. 17, 1918.  Appeal, No. 236, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1916, No. 1049, on verdict for plaintiff, in case of Eva Lischko v. Potteiger & Hainley, Incorpo-

rated. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,615 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*Alfred D. Wiler,* for appellant.—There was no evidence of defendant's negligence: Bossi v. Burke Electric Co., 20 Dist. R. 1121; Garrison v. Armstrong & Co., 248 Pa. 402; Porter v. Wilson, 62 Pa. Superior Ct. 339; Mayers v. Atlantic Refining Co., 254 Pa. 544; Scott v. D., L. & W. R. R. Co., 136 App. Div. N. Y. 347; McKane v. Marr & Gordon, 77 Vt. 7; Fahey v. Steel Foundry Co., 19 Dist. Rep. 314; Huzvar v. Del., Etc., R. R., 232 Pa. 278.

*Rowland C. Evans,* with him *I. G. Gordon Forster,* of *Evans & Forster,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 4, 1918:

Plaintiff sued in trespass to recover for loss resulting from the death of her husband, which she alleges was due to the negligence of the defendant corporation; judgment was entered on a verdict in her favor, and this appeal ensued.

The following excerpts from the charge of the trial judge sufficiently explain the facts essential to an understanding of the case: "At about nine o'clock in the morning of September 22, 1915, the husband of plaintiff met with an accident, which caused his death within a few hours.....He was employed by the defendants..... as a painter, and was working at a large schoolhouse. ......It seems that, at or about the time of the accident,

he was dusting the dirt from a window frame at the third story of the building, some forty feet above the ground, and was standing outside......on a jack. The jack gave way; it and the deceased fell to the ground, and thus he sustained the injuries that resulted in his death......Plaintiff contends that this was a defective and unsafe jack, in that the thing that broke, causing it and the man to fall, was one of the legs,......which showed evidences of being rotten, water-soaked and mushy, according to one of the witnesses, after it was broken and lay upon the ground. This leg was of wood, and two witnesses on the part of the plaintiff told you they saw a wooden leg that was broken......, near the man on the ground after the accident......You have the evidence of the woman across the street, who told you that she saw the whole occurrence, that she overheard a conversation shortly before the accident between plaintiff's husband and the foreman in charge of the work, in which plaintiff's husband said to the foreman that the jack looked kind of 'screaky' and rickety, and that he asked the foreman, 'Do you think that jack is safe for me to go up on?' to which the foreman replied, 'Oh, yes, that jack is all right for you to go up on.'......If you believe this evidence, gentlemen, then you have a situation where the deceased had apprehension concerning the jack, and, after calling it to the attention of his foreman, his foreman told him that the jack was all right for him to work upon; and, in that case, if you believe this evidence, I instruct you that the deceased had the right to rely upon the superior judgment of the foreman, who stood in the shoes of the defendants, and that, if the accident occurred after the foreman had brought to his attention a defective condition, and, without investigating it further and remedying it, the foreman in substance and effect directed the deceased to go to work upon that jack, the defendants were guilty of negligence through their foreman, and the plaintiff would be entitled to recover, unless you believe that the defect or defects, if

there were any, were so open and obvious that the deceased himself was negligent in using such an imperfect appliance. A man is not justified in taking the word of his superior concerning the safety of an appliance, if that man can see for himself, by the exercise of reasonable care and prudence, under the circumstances, that the appliance is obviously unsafe, and that his superior or foreman is undoubtedly mistaken when he says that it is safe; but if there is a debatable question about its safety, then the employee has the right to rely upon the superior knowledge of his foreman, and to use that appliance when his foreman tells him to do so, that it is safe."

The assignments of error complain of the charge as quoted, and, also, of the failure to give binding instructions for defendant and the refusal to enter judgment n. o. v.

We have considered the argument of counsel for appellant and the authorities cited by him, but are not convinced of error. Albeit defendant did not give plaintiff's husband positive orders to continue with his work, yet, considering the relation of the parties as master and servant, it could well be said that "in substance and effect" his employer "directed the deceased to go to work" on the jack, and that this was done, without inspection, after the "rickety" condition of the implement had been called to the attention of its foreman. The question of identification was left to the jury, and there is ample evidence to sustain a finding that the conversation noted in the charge had reference to the jack upon which plaintiff's husband had theretofore been working and which subsequently broke and caused his death. We are not impressed with the contention that the evidence lacks all justification for the trial judge's reference to a failure to "investigate," or inspect; considering the circumstances attending the accident and the defense set up (which latter comprehends an absolute denial of the conversation before referred to, and the assertion that the jack in question was in no way rotten or defective), the

jury could well conclude that, after the complaint to the foreman, there had been no inspection. The issues involved were properly submitted to the jury, and we see no reversible error.

The assignments are overruled and the judgment is affirmed.