## Williams *v.* Lewine, Appellant.

*Negligence—Master and servant—Domestic servant — Defective coal bin—Contributory negligence—Case for jury.*

In an action of trespass, by a domestic servant to recover damages for personal injuries, sustained by the falling of a coal bin door, it appeared that the attention of the employer had been called to the weakness of the bin sometime previous to the accident, but that she had disregarded the warning. The defense to the action was that the plaintiff also was negligent because, knowing of the existence of the defect, she had continued to take coal from the bin.

Under such circumstances, the case was for the jury. The condition of the bin not being so apparent that knowledge of it on the plaintiff's part precluded a recovery, a verdict in her favor will be sustained.

An employee must know the circumstances and appreciate the risk before she will be held to have assumed it.

Submitted October 2, 1923. Appeal, No. 29, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1922, No. 425, on verdict for plaintiff, in the case of Olivia E. Williams, by her next friend, Edward P. Harris, v. Rose Lewine. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $461, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Louis Greenblatt,* for appellant.—The plaintiff was negligent because knowing of the weakness of the bin she continued to take coal from it: Lischko v. Potteiger & Hainley, Inc., 260 Pa. 439; Welch v. Carlucci Stone Co., 215 Pa. 34; Taylor v. Penna. Steel Co., 217 Pa. 269; Jones v. Burnham, 217 Pa. 286; Bowman v. Woolworth, 220 Pa. 527.

*Byron, Longbottom, Pape & O'Brien,* for appellee.

OPINION BY TREXLER, J., November 19, 1923:

The plaintiff, a domestic servant, employed by the defendant brought suit for personal injury sustained by the falling of a coal bin door. It was her duty to tend the fire in the furnace. Her employer ordered coal and when the coal man arrived, the plaintiff, in pursuance to what the coal man told her, called her employer and informed her that the coal man said the bin was not strong enough to hold the coal. This was followed by a conversation to the same effect between the coal man and the defendant. Nevertheless, the defendant ordered the coal to be put in and some days after the door broke and injured the plaintiff. There seems to be no doubt that after the warning from the coal man as to the weakness of the bin, coupled with her duty to provide her employee with a reasonably safe place to work in, there was enough in the case to show negligence on the part of the plaintiff.

The defendant, however, claims that the plaintiff was also negligent, because knowing the weakness of the bin and the danger attending its use, she continued to take coal from it.  It does not, however, clearly appear that she knew anything of the strength of the bin from her own knowledge or observation.  She was about to tell that her information as to the weakness of the bin was derived from the coal man, when she was stopped.  It is evident that the coal man was the source of her knowledge in the premises.  When her employer ordered the bin to be filled, her act bore the inference that in her opinion the bin was strong enough.  Can the employee, after the question was considered by the employer and decided by her, be blamed in adopting her employer's views?  We think not.  The defect in the coal bin was not obvious.  It might appear all right to one not acquainted with the capacity of bins, the weight of coal, and the cubic contents of a ton.  "An employee must know the circumstances and appreciate the risk before he will be held to have assumed it": Dollar Savings Fund & Trust Co., Exr., v. Pennsylvania Co., 272 Pa. 364.  The court could not under the facts as presented, affirm the defendant's points that knowledge of the defect on plaintiff's part prevented recovery.  That eliminates the question whether she could not rely on her employer's judgment in the matter.  In Lischko v. Potteiger, 260 Pa. 439, the Supreme Court said: "A man is not justified in taking the word of his superior concerning the safety of an appliance, if that man can see for himself, by the exercise of reasonable care and prudence under the circumstances, that the appliance is obviously unsafe, and that his superior or foreman is undoubtedly mistaken when he says that it is safe; but if there is a debatable question about its safety, then the employee has the right to rely upon the superior knowledge of his foreman, and to use that appliance when his foreman tells him to do so, that it is safe."  See also Mayers v. Atlantic Refining

Co., 254 Pa. 544; Swartz v. Bergendahl-Knight Company, 259 Pa. 421.

We think the issue of the fact was entirely for the jury.

The judgment is affirmed.