## Lemon v. Lonker et ux., Appellants.

Argued October 8, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*I. H. Schweidel*, of *Cohen, Schweidel and Krekstein*, for appellant.—The action was improperly brought against the joint defendants: Gustine v. Westenberger, 224 Pa. 455; Smith v. Machesney, 238 Pa. 538; Dutton v. Lansdowne Borough, 198 Pa. 563.

There was no evidence of the negligence of the employers: Sterns v. Ontario Spinning Co., 184 Pa. 519; East End Oil Co. v. Pa. Torpedo Co., 190 Pa. 350; Spees v. Boggs, 198 Pa. 112.

The plaintiff was guilty of contributory negligence: Weir v. Haverford Electric Light Co., 221 Pa. 611;

Marean v. N. Y. S. & W. R. R. Co., 167 Pa. 220; Mattimore v. Erie City, 144 Pa. 14.

*John Francis Williams,* and with him *Raymond Pace Alexander,* for appellee.—The plaintiff was engaged in a service in behalf of both defendants and they were properly joined in the action: Wisnom v. McCarthy, 48 Colo. App. 697; Perkins v. Morgan, 36 Colo. App. 360; Davidov v. Bail, 23 Pa. Superior Ct. 579; Campbell v. Heuer, 139 Ill. App. 631; Betcher v. McChesney, 255 Pa. 394, 49 A. L. R. 521; Hindson v. Markel; 171 Pa. 138; Jewel v. Kansas City Bolt & Nut Co., 231 Mo. 176.

Domestic servants are governed by the same rules of law and evidence as all other servants in which the relationship of master and servant is shown to exist, and in the light of the evidence, the case was for the jury: Williams v. Clark, 204 Pa. 416; Maines v. Harbison-Walker, 213 Pa. 145; McGrath v. Atlantic Refining Co., 264 Pa. 341, and Williams v. Lewine, 82 Pa. Superior Ct. 94.

OPINION BY LINN, J. November 22, 1929:

Appellant-defendants are husband and wife. Plaintiff was their domestic servant, employed, as she testified, to "iron and wash, cook, clean, anything that would come to my hands, make myself useful." She was employed by the week and had worked for them but two or three days when she was injured. Her statement of claim averred that they furnished her with a step-ladder which they knew was defective, without warning her and that it collapsed to her injury. The assignments of error are to the refusal of a new trial and to the refusal of judgment n. o. v. Taking the evidence most favorably supporting the verdict; the jury may have found the following facts. Plaintiff, who is described by defendants' counsel as "a pretty heavy woman," was ordered by the defendant, Mrs.

Lonker, to wash some windows seven or eight feet from the ground. Mrs. Lonker, in the words of the plaintiff, "got the step-ladder for me to clean these windows. She took the step-ladder outside for me to wash these windows, and I asked her if the step-ladder was perfect. She said 'Yes.' She took the step-ladder out and set the hook while I was inside getting a pail of water ........" By the phrase "set the hook" the plaintiff meant, as other evidence shows, that defendant spread the ladder, which was of the usual type, and put in place the hook-shaped brace which would keep the ladder standing. Plaintiff mounted the ladder and when she reached the top step it collapsed. Her examination of it then disclosed that it had been defectively repaired about the hook or brace and that the defect caused it to break. She says, "The wood was broken in the step-ladder there at the hook underneath." "The wood was split." "There was a piece of wood that had been nailed underneath that had broke and caused the spring [hook or brace] to give way." "The wood had been broken and a piece of wood laid between this iron piece to hold the iron piece up, to protect it." Asked how long she had been using the ladder before it broke, she replied, "I just began." The matter was doubtless made clearer to the jury at the trial than it appears from a reading of the testimony, because the record informs us that at the trial a drawing of the ladder, illustrating the testimony, was used by the court and jury. We have not been furnished with the drawing, but are satisfied that there was enough evidence to enable the jury to find that the ladder had been defectively repaired in the respect indicated, that it was not obvious to the plaintiff and that she had no knowledge of it, and that its condition was known to the defendants, and that the injury resulted. An employer must, of course, exercise due care in providing for a servant suitable appliances for the service to be rend-

ered; this duty is not performed when an appliance, not obviously defective, but known to the employer to be so, is furnished and damage results as a consequence of its use in the manner intended: Giberson v. Patterson Mills Co., 187 Pa. 513, 525. The jury could also find that plaintiff was justified in relying on Mrs. Lonker's statement that the ladder was perfect: Williams v. Clark, 204 Pa. 416, 418; Maines v. Harbison-Walker Co., 213 Pa. 145, 150; McGrath v. Refining Co., 264 Pa. 341, 345; Williams v. Lewine, 82 Pa. Superior Ct. 94.

Appellants also contend that they cannot be held liable jointly. The evidence is clear that the wife acted as agent for her husband; it was not her own tort. While he did not testify, she stated that she had authority from him to employ the plaintiff in and about the household service and that he furnished the money with which to pay the bills. He would no doubt have been liable without that evidence in this case on the theory of necessaries: Davidov. v. Bail, 23 Pa. Superior Ct. 579, 582; McKinley v. McGregor, 3 Whart. 369, 392. In the circumstances, therefore, judgment should not have been entered against her,—an inadvertence that can be corrected here: Smith v. Machesney, 238 Pa. 538. See also Smith v. Jamison, 89 Pa. Superior Ct. 99.

The judgment against Mamie Lonker is reversed and the judgment against Barnett Lonker is affirmed.