# Robertson *v.* Kraus, Appellant.

*Courts—Allegheny county court—Common pleas—Appeals—Review by Superior Court.*

1. Under the Act of May 5, 1911, P. L. 198, as amended by the Act of May 23, 1913, P. L. 310, relating to the county court of Allegheny county, and appeals therefrom to the common pleas, a party who has had a jury trial is not entitled to appeal, unless a retrial of the issues of fact is necessary to prevent injustice. The application for appeal is not an ex parte proceeding in which the allegations of the petition must be taken as verity. The adverse party has a right not only to be heard upon the question of their sufficiency, but to controvert them by answer; and the court of common pleas is to exercise a sound judicial discretion on due consideration of the relevant matters properly brought before it, and may refuse the appeal if, upon such consideration, it is not satisfied that a trial is necessary to prevent injustice.

2. An appeal having the scope of a common-law writ of certiorari lies from an order of the court of common pleas refusing an appeal from a judgment of the county court of Allegheny county; but in considering such an appeal the Superior Court can only go by the record of the common pleas, for that is all that is brought up for review by the certiorari.

3. On such an appeal the evidence taken at the trial cannot be considered where it was not brought upon the record of the common pleas by incorporating in, or attaching to the petition, a transcript of it, or in any other manner. The appellate court cannot consider selected excerpts from the evidence printed in the appellant's paper-book, if the appellee objects.

Argued April 17, 1914.    Appeal, No. 86, April T., 1914, by defendant, from order of C. P. Allegheny Co., Jan. T., 1914, No. 1,312, refusing an appeal from judgment of the County Court in case of O. P. Robertson *v.* J. W. Kraus.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

From the record it appeared that on May 29, 1913, the plaintiff brought an action in assumpsit against appellant, in the county court of Allegheny county, claim-

332 ROBERTSON *v.* KRAUS, Appellant.

Statement of Facts—Opinion of the Court. [58 Pa. Superior Ct.

ing that defendant was indebted to him in the sum of $500, as the half of a contingent fee of $1,000, which defendant was to receive from his client Johanna Haberman, widow of John Haberman, deceased, for legal services in securing her rights as widow.

Appellant filed an answer to plaintiff's statement of claim, and asked for and was granted a jury trial in said court.

The jury found a verdict in favor of the plaintiff for the amount of his claim, and appellant filed a motion and reasons for a new trial, which was refused by the trial judge, and judgment was entered on the verdict. On November 24, 1913, appellant presented his petition to the court of common pleas of Allegheny county, for leave to appeal from said judgment, as provided by Act of Assembly of May 22, 1913, P. L. 310.

A rule to show cause was granted on plaintiff and he filed an answer to said petition, and thereafter the matter was heard on the general argument list in said court and the rule discharged. Thereupon appellant took this appeal from the order of the court below, discharging his rule.

*Error assigned* was order refusing the appeal.

*R. S. Martin,* for appellant.—The Superior Court has jurisdiction: Thompson v. Preston, 5 Pa. Superior Ct. 154; Schmuck v. Hartman, 222 Pa. 190; Com. v. Weimer, 36 Pa. Superior Ct. 451.

Sufficient appears to convict the court below of error in law in refusing the appeal: Com. v. Hazen, 20 Pa. Superior Ct. 487; Babbitt v. Riddle, 1 Grant, 161; McGee's Est., 205 Pa. 590.

*E. E. Cotton,* for appellee.

OPINION BY RICE, P. J., October 12, 1914:

The action of assumpsit out of which this appeal arises originated in the county court of Allegheny county. The

defendant demanded a jury trial, which resulted in a verdict in the plaintiff's favor. After the defendant's motion and reasons for a new trial had been argued by counsel and overruled by the court and judgment had been entered on the verdict, the court of common pleas, upon the defendant's petition, granted a rule to show cause why he should not be allowed to appeal to that court. The plaintiff filed an answer, and, after hearing upon petition and answer, the court discharged the rule. Thereupon the defendant took the present appeal and has assigned for error the order discharging the rule.

Section 9 of the Act of May 5, 1911, P. L. 198, as amended and supplemented by the Act of May 23, 1913, P. L. 310, provides that in all cases in the county court, where judgment shall have been entered upon the verdict of a jury, no appeal to the common pleas shall be perfected until leave to take such appeal has been obtained by the appellant from the court of common pleas or a judge thereof. It further provides that the application for leave shall be by petition "setting forth the reasons why a retrial of the issues of fact is necessary to prevent an injustice," and that this petition shall be heard after such notice to the adverse party as the court of common pleas shall prescribe. The obvious implications from the latter provision are, that a party who has had a jury trial is not entitled to appeal unless a retrial of the issues of fact is necessary to prevent injustice; that the application for appeal is not an ex parte proceeding in which the allegations of the petition must be taken as verity; that the adverse party has a right, not only to be heard upon the question of their sufficiency, but to controvert them by answer; and that the court is to exercise a sound judicial discretion, on due consideration of the relevant matters properly brought before it, and may refuse the appeal if, upon such consideration, it is not satisfied that a retrial is necessary to prevent injustice. While no statute expressly gives a right of appeal, in the original and strict sense of that

term, from the action of the common pleas, yet, having regard to the jurisdictional principles enunciated in Chase v. Miller, 41 Pa. 403; Schmuck v. Hartman, 222 Pa. 190; Thompson v. Preston, 5 Pa. Superior Ct. 154, and numerous other cases, there can be no doubt that an appeal having the scope of a common-law writ of certiorari lies. If, upon such appeal, it appears that the court committed error of law in denying to the appellant a legal right under admitted facts, or that its action was not the exercise of a sound judicial discretion, but was an abuse of discretion, such error of law or abuse of discretion may and should be corrected. But these questions are to be determined by the record of the common pleas, for that is all that is brought up for review by the certiorari. So far as the record in this case shows, all that the common pleas had before it were the petition and the answer. Attached to the former and made part thereof were a copy of the charge of the trial judge in the county court, a copy of the motion and reasons for a new trial, and a copy of the opinion of the county court refusing the motion. But the evidence given on the trial was not brought upon the record of the common pleas by incorporating in or attaching to the petition a transcript of it, or in any other manner. Hence, the plaintiff's counsel is clearly right in his contention that it is not before us for consideration on this appeal. A fortiori the selected excerpts from it, printed in the appendix to the appellant's paper-book, cannot be considered against the appellee's objection.

Referring to the petition and answer upon which the parties submitted the application for leave to appeal, we find that there is a conflict as to many of the material facts involved in the issue and as to what the evidence given on the trial showed regarding them. The parts of the charge which were assigned for error in the reasons for a new trial are referred to in the petition as the ground for the contention that a retrial of the issues was necessary in order to prevent injustice. The

charge, taken as a whole, exhibits no reversible error on its face. So far as we can judge, from what is before us, it was a fair and adequate submission to the jury of the questions of fact upon which the case turned. The complaint being that the particular parts of it referred to in the reasons for a new trial were erroneous, under the evidence, the vital importance of having the evidence given on the trial brought before the common pleas on the hearing of the application, and before this court on the hearing of this appeal, is apparent. Without it, or, at least, without all of such parts of it as both sides agree relate to the instructions complained of, a reversal of the common pleas upon the ground that it committed error of law or abuse of discretion in refusing the application would be unwarranted, and, therefore, a discussion of the merits of the case would be unprofitable.

The order is affirmed at the costs of the appellant.