# Ferguson *v.* Barber Asphalt Paving Company, Appellant.

*Practice, C. P.—Trial—Remarks of counsel.*

1. A remark by an attorney for the plaintiff to the jury to the effect that the plaintiff asked a large sum of money, without stating the amount, is not a ground for reversal of a verdict and judgment for plaintiff especially where the jury were instructed in a fair and impartial charge.

2. A statement made by counsel for the plaintiff in an action for malicious prosecution to the effect that the guilt and innocence of the plaintiff was to be determined, is not a ground for reversing a verdict and judgment for plaintiff, where no request was made to the trial judge for the withdrawal of a juror and for the continuance of the case.

*Evidence—Testimony of witness at former trial—Residence of witness.*

3. A mere statement of a witness at the first trial of a case that he resided in a neighboring state, is not sufficient to entitle his testimony to be read at a second trial without any preliminary proof at such trial that the witness's presence is not procurable.

*Malicious prosecution—Evidence—Testimony of witness at criminal hearing.*

4. At the trial of an action for malicious prosecution, the testimony of a witness given at the hearing of the plaintiff before a magistrate is not admissible for the purpose of establishing malice in the mind of the prosecutor at the time the criminal suit was instituted.

*Malicious prosecution—Probable cause—Case for jury.*

5. In an action for malicious prosecution the question of what constitutes probable cause is for the court, but where there is a contradiction in the testimony whether the facts are present is for the jury.

6. On the trial of a case for malicious prosecution it is not error for the trial judge to affirm a point presented by the plaintiff as follows: "A prosecutor should have information with such directness and certainty as to gain credit with prudent men of the existence and possibility of proof of such facts as show guilt."

Argued Dec. 10, 1914.   Appeal, No. 164, Oct. T., 1914, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1912, No. 3,205, on verdict for plaintiff in case of Daniel Ferguson v. Barber Asphalt

Paving Company.   Before RICE, P. J., ORLADY, HEAD,
KEPHART and TREXLER, JJ.   Reversed.

Trespass for malicious prosecution.   Before RALSTON, J.

At the trial it appeared that the defendant had caused
the arrest of the plaintiff on the charge of the larceny
of certain bags of cement.   He was committed by a
magistrate to prison in default of bail, but was sub-
sequently tried and acquitted.   At the trial the court
refused to permit the plaintiff to testify what a witness
against him had stated at the hearing before the magis-
trate.   Exception. [5]

Plaintiff made the following offer:

Mr. Ridgway: I desire to offer in evidence and read
to the jury the testimony of a witness named Chavis,
being his testimony given at a previous trial and he now
being outside the jurisdiction of the court.   He said
at the time of the other trial that he lived in the state
of New Jersey, and of course we can——

Mr. Saul: I object, because no proper foundation has
been laid for the reading of the testimony.

Mr. Ridgway: I find there are two cases, the last in
59 Pa. which hold that in the case of a deposition taken
in Pennsylvania, where it was stated that she lived in
New York, her deposition was rejected, no service of a
subpœna having been admitted.   That was held to be
error.   The testimony which I have here shows that he
resided out of the jurisdiction of the court.

The Court: Read the testimony if it shows he lives
out of the state.   These obstructive tactics are very
annoying.   They are purely obstructive and are simply
delaying the trial.

(The court granted the defendant an exception to
the above remarks of the court.)

The Court: Have you a witness who knows that this
man lives without the jurisdiction of the court?

Mr. Ridgway: He was asked this testimony and
stated that he lived in Atlantic City, New Jersey.

388 FERGUSON *v.* BARBER A. PAVING CO., Appellant.

Statement of Facts—Assignments of Error. [59 Pa. Superior Ct.

Mr. Saul: I object to the reading of the deposition. Objection overruled. Exception for defendant. [3] Verdict and judgment for plaintiff for $750.

*Errors assigned* were as follows:

1. The learned trial judge erred in permitting the attorney for the plaintiff to say to the jury: "Ferguson asks at your hands a sum of money, a large sum of money."

2. The learned trial judge erred in permitting the attorney for the plaintiff to say to the jury:

"Now, gentlemen, all that we ask is that you shall compensate him for what this company has done to him—that you shall pay him for their conduct towards him. This is his only day in court, his last chance, and if you don't give him what is proper and liberal compensation he cannot get it. His trial is over. He has waited since November 10, 1911, to have a jury pass upon his innocence or guilt in this civil action and award him damages, and please remember what personal liberty is and what confinement in a prison means and what being under such a charge means to an honest man for that length of time when you do consult over the case and over the amount that you shall award to him."

3. The learned trial judge erred in permitting the attorney for the plaintiff to read to the jury the testimony of Edward Chavis, as follows: . . .

4. The trial judge erred in saying:

"These obstructive tactics are simply annoying. They are purely obstructive and are simply delaying the trial."

5. Ruling as above.

7. Because the court erred in affirming the plaintiff's point as follows:

"A prosecutor should have information with such directness and certainty as to gain credit with prudent men of the existence and possibility of proof of such facts as show guilt."

*Walter Biddle Saul,* with him *E. O. Michener,* for appellant.

*Thomas Ridgway,* for appellee.

Opinion by Trexler, J., March 11, 1915:

The first and second assignments are directed against remarks made by plaintiff's counsel in his address to the jury. As this case goes back for retrial it is not likely the same occasion for complaint in this respect will arise. Plaintiff's attorney in addressing the jury said that he asked a large sum of money and the guilt and innocence of the plaintiff was to be determined. In view of the fair and impartial charge of the court we do not think the defendant was harmed by the remarks made. Had a specific sum been mentioned the situation might have been different, but the mere use of the words, "a large sum," did not convey any definite idea. As to the question of the guilt and innocence of the plaintiff being involved, which is the subject of the second assignment, the matter is not before us. There was merely an objection made to the words and an exception noted. Had a request for the withdrawal of a juror and continuance of the case been made and refused and an exception thereon the incident would have been properly raised. As it is there is nothing before us and the assignment is not reviewable: Brown v. Central Penn. Traction Co., 237 Pa. 324; Ickes v. Ickes, 237 Pa. 582 (590).

The third assignment relates to the admission of the testimony of a witness who testified on a former trial. When the offer was made the defendant's attorney objected that there had been no proper foundation laid for the reading of the testimony. The court allowed the testimony on the theory that the testimony in itself disclosed the fact that at the time the witness testified he resided at Atlantic City, New Jersey. The only ground upon which the testimony was admissible was absence from the jurisdiction. In order to intro-

duce it proof of the absence was a necessary preliminary to its reception. Did the testimony taken at the former trial, in itself, furnish this proof? We think not. The trial judge himself seemed to have some doubt for he asked defendant's counsel whether he had a witness to prove the witness's residence outside the state. The ruling of the court apparently was based on a decision referred to by defendant's counsel at the time: Waters v. Wing, 59 Pa. 211. It was there held that where the deposition of a witness showed that he resided outside the state, the party taking the deposition might rely on the presumption that the witness was outside of the jurisdiction of the court until there was some good reason to presume the contrary. There is authority for the position taken by the court in that case. In 2 Wigmore on Evidence, page 1783, it is stated, "Although contrary to the general principle, it is frequently desirable and proper, where the cause for taking a deposition was a probably permanent one, e. g., residence without the state, to presume that it continues and to leave it to the opponent to show that the cause has ceased."

In the case of the admission of former testimony this same rule does not apply. . In fact the presumption is to the contrary. After all, the availability of the witness is the thing that determines his presence or absence at the trial and where he was present at the first trial and testified, the presumption certainly is that he is also available as a witness at the second trial. When the witness's testimony was taken at the former trial, there was proof that he resided in Atlantic City, New Jersey, but that he had done business in Philadelphia. We must not forget that the universal rule is that the best evidence shall be produced. Secondary evidence takes the place of original evidence when the original evidence cannot be obtained. It is substituted evidence and it is for the purpose of describing the original evidence: American Mfg. Co. v. Smith Co., 33 Pa. Superior Ct. 469. It is the duty of the judge to require that

a party furnish evidence of the primary grade if it is within his power to do so. So long therefore as the proponent can reasonably be required to cause a witness to repeat to a tribunal his evidence regarding admissible facts given on a former occasion, the presiding judge will insist that the witness himself be produced. In other words, primary evidence will be insisted on until satisfactory forensic necessity for offering secondary evidence is brought to the attention of the tribunal. The evidence being in its nature secondary, i. e., inferior in a probative point of view, less decisive and convincing than the face to face testimony of the witness himself, the party tendering the less probative proof must show to the reasonable satisfaction of the judge presiding at the trial that it is impossible for him to procure the attendance of the witness himself: 2 Chamberlayne's Evidence, par. 1624.

We are not prepared to establish a rule, in support of which no pertinent authorities have been presented, that the mere statement of a witness at a trial that he resides in a neighboring state is sufficient to entitle his testimony to be read at a subsequent trial without any preliminary proof that the witness's presence is not procurable. We therefore sustain the third assignment of error.

The fourth assignment is to the remarks of the court which were, "These obstructive tactics are very annoying. They are purely obstructive and are simply delaying the trial." The objection which the defendant's counsel was urging was to the reading of the testimony of a witness who had testified at a former trial. As we have already decided that the objection to the testimony was well taken, the action of counsel in pressing the objection could hardly, with propriety, be termed obstructive. As we have concluded to reverse the case upon the point hereinbefore referred to, we need not discuss this phase of the appeal any further. The fourth assignment is overruled.

Fifth assignment: Ferguson, the plaintiff, on cross-examination was asked as to whether a certain witness appeared at the magistrate's office and testified against him. He answered in the affirmative. He was then directed to state what the witness had said. Upon objection the court declined to admit the testimony. Counsel for appellant relies on Bernar v. Dunlap, 94 Pa. 329, to sustain his contention that the testimony was proper. We think, however, that that case does not apply. There the prosecutor came to the magistrate's office and before the prosecution was brought, the witness told his story to the magistrate in the presence of the prosecutor. Of course, the information communicated to the prosecutor before prosecution had a decided bearing as to whether or not, the prosecution was maliciously brought. We cannot see, however, how the testimony of a witness called to testify after the institution of a criminal suit would throw any light on the condition of the mind of the prosecutor at the time the suit was brought. The assignment is overruled.

The sixth assignment is directed to the refusal of the court to direct a verdict for the defendant. The court could not do this. What constitutes probable cause is for the court, but whether the facts are present is for the jury. There was contradiction in the testimony and the presence of probable cause depended largely on how the jury viewed the testimony. The sixth assignment is overruled.

The seventh assignment does not require serious consideration. A point was presented to the court that "A prosecutor should have information with such directness and certainty as to gain credit with prudent men of the existence and possibility of proof of such facts as show guilt." These were the exact words of some of our cases except that the word "possibility" was substituted for the word "susceptibility." The two words considered as to their derivation and use are not exactly synonymous, but it would be drawing a very fine line

to show that in the context in which they are used there is any difference between them. Certainly the average jury would derive the same idea from the use of one word as the other. The assignment is overruled.

We sustain the third assignment and overrule the others. The judgment is reversed and a venire facias de novo awarded.