## Keown v. Bunton, Appellant.

*Courts—County courts of Allegheny County—Appeal—Acts of May 5, 1911, P. L. 189, and May 23, 1913, P. L. 310—Improper remarks of counsel.*

A party who has had a jury trial under the Act of May 5, 1911, P. L. 198, as amended by the Act of May 23, 1913, P. L. 310, relating to the county court of Allegheny County, is not entitled to appeal from the county court unless a retrial of the issues of fact is necessary to prevent injustice. If such party has moved for a new trial in the county court and has been refused, and it appears that there was evidence which, if believed by the jury, was sufficient to sustain the verdict, the Superior Court will not reverse an order of the Court of Common Pleas refusing an appeal.

The power of the appellate court to grant a new trial for inadequacy of the verdict is exceptional.

The Superior Court will not reverse an order of the Court of Common Pleas of Allegheny County refusing an appeal from a judgment of the county court where the ground of the appeal is the improper remarks of counsel, if such remarks appear nowhere in the record of the case, except in the petition for the allowance of the appeal. Such remarks are not the subject of exception unless put upon the record at the time they are made, and a motion to withdraw a juror was made, and a continuance asked for.

*Estoppel—Counsel fees—Attorney and client.*

In an action of assumpsit by a client against his attorney the defendant claimed as a set-off a fee of five hundred dollars which he alleged was due in an equity suit in which he was the plaintiff's attorney. In an action at law following the equity suit against the defendant in the equity suit, the plaintiff filed a statement to which he swore that he claimed "compensation for the amount of counsel

fees spent by the plaintiff" in the equity suit to the amount of five hundred dollars. Plaintiff testified that the statement had been prepared by the defendant, his attorney, that he signed it without his attention being called to this item, and that he knew nothing of it. *Held,* that such statement did in law not estop the plaintiff from defending against a claim of five hundred dollars as compensation to the defendant in the equity suit, because (1) the attempt of the parties, evidently was to fix the attorney fee if obtained from the opposite party, and (2) if the statement was to be taken as verity it would be proof of payment of the fee. The question of estoppel in such a case was for the consideration of the jury in connection with the other testimony.

*Courts—County court of Allegheny County—Practice—Record—Testimony—Appeals.*

On a petition to the Court of Common Pleas of Allegheny County to allow an appeal from a judgment of the county court, the evidence should be brought upon the record in the Common Pleas by incorporating it in, or attaching it to the petition, or in some other proper manner.

Argued April 27, 1915. Appeal, No. 186, April T., 1915, by defendant, from order of C. P. Allegheny Co., April T., 1915, No. 833, refusing appeal from the County Court, in case of William Keown v. Harry R. Bunton. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for money had and received.

From the record it appeared that plaintiff claimed to recover the sum of $908.39, less a reasonable fee for the services rendered by defendant in litigation involved in collecting the sum in controversy. The defendant claimed a counsel fee of five hundred dollars. In the county court the jury allowed him the sum of $330.84. He was refused a new trial by the county court, and a petition for an appeal filed by him in the Court of Common Pleas was also refused.

The facts of the case are stated in the opinion of the Superior Court.

Assignment of Error—Opinion of the Court. [61 Pa. Superior Ct.

*Error assigned,* among others, was the order refusing the appeal.

*Harry R. Bunton,* with him *Charles A. Poth,* for appellant.—A new trial should have been granted: Griffiths v. Wilkes-Barre, 2 D. R. 81; Chestnut v. Auto Car Co., 53 Pa. Superior Ct. 1; Spencer v. Stockdale Boro., 57 Pa. Superior Ct. 622; Woodward v. Consolidated Traction Co., 17 Pa. Superior Ct. 576.

Where the facts are undisputed the question of estoppel is a question of law for the court: Cox v. Rogers, 77 Pa. 160; Grasser v. Eckart, 1 Binney 574; Hoffer v. Wightman, 5 Watts 205; Paine v. Monongahela Nat. Bank, 194 Pa. 403; Beaver Borough v. Davidson, 9 Pa. Superior Ct. 159; Sickman v. Lapsley, 13 S. & R. 224; Church v. Winton, 196 Pa. 107; Kreamer v. Fleming, 200 Pa. 414; Longswamps School District v. Trexler, 58 Pa. 141.

*John D. Meyer,* for appellee.

OPINION BY TREXLER, J., October 11, 1915:

The plaintiff claimed of the defendant a sum of money which the latter as attorney had collected for him. The defendant had a set-off or counter claim for services rendered for the plaintiff in several suits growing out of the same transactions. The matter was tried before a judge and a jury in the county court of Allegheny County, and the jury allowed the defendant the sum of $330.84 for services performed. The defendant moved for a new trial before the county court, alleging that the verdict was against the weight of the evidence and that the verdict as to the credit allowed him for services rendered was inadequate. A new trial being denied, he presented a petition to the Common Pleas of Allegheny County for leave to appeal stating at some length in his petition the various services performed by him as attorney for the plaintiff alleging that

the testimony in the case showed that he was entitled to much more than the verdict of the jury allowed him, as but one witness testified to an amount approximating said sum and the testimony of said witness was not based upon the correct theory, and further in addition to the reasons contained in his motion for a new trial that counsel for plaintiff had made improper remarks to the jury.

First, as was stated by President Judge RICE in Robertson v. Kraus, 58 Pa. Superior Ct. 331 (333), a party who has had a jury trial under the Act of May 5, 1911, P. L. 198, as amended by the Act of May 23, 1913, P. L. 310, is not entitled to appeal from the county court unless a retrial of the issues of fact is necessary to prevent injustice; that the application for appeal is not an ex parte proceeding in which the allegations of the petition must be taken as verity; that the adverse party has a right, not only to be heard upon the question of their sufficiency, but to controvert them by answer; and that the court is to exercise a sound judicial discretion, on due consideration of the relevant matters properly brought before it, and may refuse the appeal if, upon such consideration, it is not satisfied that a retrial is necessary to prevent injustice. As there was evidence which, if believed by the jury, was sufficient to sustain the verdict, we feel that we should not disturb the conclusion reached by the jury. The power of the appellate court to grant a new trial for inadequacy of the verdict is exceptional: Chestnut v. Auto Car Co., 53 Pa. Superior Ct. 1.

Second, as to the improper remarks of counsel, they appear nowhere in the record of the case, except in the petition for the allowance of the appeal. They were not brought upon the record in the way that has been pointed out in numerous cases. They are not the subject of exception unless put upon the record at the time they are made and a motion to withdraw a juror is made and a continuance asked for: Brown v. Central Penna. Trac-

tion Co., 237 Pa. 324; Ickes v. Ickes, 237 Pa. 582; Ferguson v. Barber Asphalt Paving Co., 59 Pa. Superior Ct. 386. As there is nothing properly before us we cannot consider the matter.

Third, the plaintiff in a suit of equity in which the defendant was his attorney, which suit forming part of the transaction involved in this case, filed a bill in which he claimed "compensation for the amount of counsel fees spent by the plaintiff in dissolving the injunction as aforesaid and in sustaining the decree of the lower court on appeal to the Supreme Court, viz, $500." It is claimed that this statement made by the plaintiff is an absolute estoppel; that he, having sworn to it, cannot now controvert the fact that defendant's fees were to be $500. Plaintiff testified upon the trial that the statement was prepared by the defendant as his counsel, that he signed it without his attention being called to this item and that he knew nothing of it. The question of estoppel is not raised in the application for a new trial nor in the petition for leave to appeal, but without considering this irregularity in bringing the matter before the court we cannot, in any view of the case, see how the item would estop plaintiff from defending against the claim of his counsel. The attempt of both attorney and client, evidently, was to fix the attorney fees if obtained from the opposite party. If the statement is to be taken as verity, it would equally be proof of payment of the counsel fees as of their amount, for there is a positive assertion that the amount was spent and if this means anything it means that the amount has been paid. The statement was properly in evidence, and its effect was for the jury to be considered in connection with the other testimony. The court could not, as a matter of law, decide that it definitely settled the matter of defendant's fees in said case. We think there is no merit in this assignment.

When the petition to appeal was presented to the lower court it was only accompanied by a certain portion of

the testimony. This portion is now printed in the appendix together with the remainder of the testimony, but how much of the record was before the Common Pleas Court when the petition was presented we are unable to ascertain. As was stated in Robertson v. Kraus, 58 Pa. Superior Ct. 331 (334), all that is before the Common Pleas Court is what is contained in the petition and whatever might be attached thereto or made a part thereof. The proper practice indicated in said case is that the evidence given in the trial should be brought upon the record in the Common Pleas by incorporating it in or attaching it to the petition, a transcript of it, or in any other manner. However, as we think upon the merits no injustice was done to the defendant and that the verdict should stand, we need not further discuss this phase of appellant's case.

All the assignments of error are overruled and the order of the court is affirmed.