Adam Pekny and Anna Pekny, Appellants, *v.* Andrew Hrabosky and Barbara Hrabosky.

Argued May 3, 1932.

Before Trexler, P. J., Keller, Gaw-
throp, Cunningham, Baldrige, Stadtfeld and Parker,
JJ.

*Francis Taptich,* for appellants.

*Robbin B. Wolf* of *McCreery & Wolf,* for appellees.

Opinion by Cunningham, J., July 14, 1932:

This action of assumpsit, in which plaintiffs, hus-
band and wife, sought to recover a money judgment

under a contract, partly written and partly verbal, providing for an exchange of real estate, originated in the county court of Allegheny County.

The result there was a verdict in favor of the plaintiffs for $1,243.24; defendants' motions for a new trial and for judgment n. o. v. were denied and, upon their petition, the common pleas allowed an appeal. The case was not retried in the common pleas because that court sustained the contention of the defendants, raised at the beginning of the trial in the county court and pressed in the common pleas, that the county court never had jurisdiction of the case. The ground upon which they challenged the jurisdiction was that under the issue "the title to lands or tenements may come in question." The common pleas entered judgment for the defendants, also husband and wife, "for want of jurisdiction in the county court, without prejudice to bringing an action in a court of competent jurisdiction." We now have this appeal by plaintiffs from the judgment thus entered in the common pleas.

The evidence taken at the trial in the county court is not before us; it was not brought upon the record of the common pleas by incorporating in, or attaching to, the petition a transcript of it: Robertson v. Kraus, 58 Pa. Superior Ct. 331, 334. However, we do have before us the pleadings in the county court and the charge of the trial judge.

Defendants filed a motion to quash this appeal, substantially, upon the ground that appellants have not complied with our rules in that they have failed to print sufficient portions of the record; but as this is an appeal from the common pleas, which in this case acted as the original appellate court, and as the portions of the record printed are sufficient to enable us to dispose of the question here involved, the motion to quash is overruled.

Before considering the matters involved on this

appeal, it may be proper to say that defendants also contended the county court had no jurisdiction because the subject matter of this case is res judicata by reason of the fact that the county court had previously dismissed, for want of jurisdiction, a former suit involving the same issues. Appellants reply that neither the same issues nor the same parties were involved in the former suit and, as neither side has brought before the common pleas or this court the record of that suit, we cannot consider this matter.

Section 6 (a) of the Act of May 5, 1911, P. L. 198, as amended by section 2 of the Act of April 2, 1913, P. L. 21, 17 PS §626, creating the county court, gives it jurisdiction of "all civil actions wherein only a money judgment is sought to be recovered, and in all actions of replevin in which the sum demanded or the value of the property replevied does not exceed fifteen hundred dollars, except in cases where the title to lands or tenements may come in question." The question, therefore, is not whether the title to lands did actually come in question at the trial in the county court, but whether it appeared from the pleadings that the title to the lands, therein referred to, may come in question.

Our examination of the pleadings leads us to a conclusion contrary to the one reached by the common pleas. The issues raised thereby may be thus outlined. Plantiffs were the owners of an improved farm in Butler County, containing sixty-five acres and valued at $10,600, upon which they lived; defendants owned a house and lot at No. 1512 Nixon Street, Pittsburgh, Allegheny County, valued at $9000, where they lived. On August 25, 1927, an agreement for the exchange of these properties was entered into by the respective owners, and $20.00 paid by defendants to plaintiffs to bind the bargain, for which the following receipt was given by plaintiffs: "Pittsburgh, Pa.,

August 25, 1927. Received from Andrew Hrabosky twenty dollars ($20.00) deposit on account of farm in Butler County, 65 acres and 8 room house and all machinery and cattle and stock on that farm and exchange for house of Nixon Street 1512. Farm cost $10,600, and house cost $9,000. My hand and seal. Adam Pekny (seal), Anna Pekny (seal)." The following day the real estate broker negotiating the exchange took the parties to the office of an attorney in Butler where a formal agreement was prepared and executed by plaintiffs and defendants. By this agreement plaintiffs covenanted to convey to defendants, on or before September 1, 1927, by deed of general warranty, "clear of all encumbrances except as hereinafter mentioned," their farm in Butler County, and defendants covenanted to convey, in the same way, their house and lot in Pittsburgh. It was expressly provided in the agreement that the conveyance of plaintiff's farm was to be made subject to certain "liens, encumbrances and debts" which defendants assumed and agreed to pay. The liens and debts were thus specified in the agreement: "Mortgage in favor of the Federal Land Bank of Baltimore for three thousand ($3000.00) dollars. Mortgage in favor of Ella S. Niece for eight hundred ($800.00) dollars. Three hundred seven ($307.00) dollars to Mr. Walter Wood, being note given for 2 horses. Two hundred thirty-five ($235.00) dollars for binder to Mr. Sleer. One hundred fifty ($150.00) dollars for farm machinery to Mr. Wick. One hundred eighty-five ($185.00) dollars for machinery for Mr. Charlie Johnston. Judgment note in favor of George Varnum for one hundred fifty-six ($156.00) dollars, making the total of four thousand eight hundred thirty-three ($4833.00) dollars."

The agreement also recited that the house and lot of defendants was subject to a mortgage in favor of

Safe Investment, Building and Loan Association, in the sum of $2,850. There are certain averments and denials in the pleadings relative to the adjustment of the mortgage in favor of the Federal Land Bank of Baltimore but for present purposes we may say that the principal due thereon was $2,850. Plaintiffs' averments are to the effect that although defendants agreed, in the written agreement for the exchange of the properties, to pay the above mentioned items, aggregating $4,833, they failed and refused to pay some of them and plaintiffs, by reason of such failure, were required to pay specified items aggregating $1,039.05. After giving credit for the hand money of $20, plaintiffs brought this suit to recover $1,029.05 with interest.

As the equity in defendants' property was $6,150, and the amount of the debts which plaintiffs aver defendants were to pay, ($4,833.) added thereto would make a total of $10,983, or $383 in excess of the value of plaintiffs' farm, it may be proper to say that counsel for plaintiffs explain in their brief that there was an oral agreement to the effect that this excess of $383 was to be adjusted by plaintiffs paying to defendants $244 in cash and delivering to them an engine and certain household utensils to the value of $139.00.

On the other hand, defendants' averments were to the effect that the written agreement was not binding upon them because, being unable to read English, the real estate agent for plaintiffs fraudulently induced them to execute the agreement by misrepresenting its contents to them. The trial judge in the county court instructed the jury that there was no evidence to support this averment. Defendants further averred that the only indebtedness of plaintiffs, which they had agreed to pay, was the mortgage for $3000 in favor of the Federal Land Bank and the mortgage for $800 in favor of Ella S. Niece, and, in support of their

contentions, attached to their answer a copy of the deed from plaintiffs to them which contains a covenant of general warranty and a recital that the conveyance is made subject to the liens of the above mentioned mortgages which the grantees assume and agree to pay. The answer also contains averments to the effect that defendants, at the special instance and request of plaintiffs, paid for them specified items aggregating $552.25.

The transaction, therefore, balances up under the pleadings as follows: equity in plaintiffs' farm $6,950. ($10,600 less Federal Land Bank and Niece mortgages); equity in defendants' house and lot $6,150; the difference in the equities is therefore $800 in favor of plaintiffs. Defendants claim to have paid for plaintiffs, at their request, $552.25, leaving a balance due plaintiffs to this point, of $247.75, under defendants' contentions.

Defendants, in their answer, then proceed to set up a counter-claim, consisting of judgments (not referred to in the agreement) and of taxes, aggregating $897.42, which amount, less the above mentioned balance of $247.75, would make a balance due defendants of $649.67. This item appears in defendants' answer as $666.17 because they have improperly included an item of $16.50 as interest upon the Niece mortgage, although under both the agreement and deed, they assumed the payment of this mortgage.

A further uncontroverted fact appearing from the pleadings is that the parties, on September 1, 1927, exchanged with each other the deeds for their respective properties and defendants later, April 20, 1928, sold and conveyed the farm which they purchased from plaintiffs to one Joseph Koran.

Under the pleadings, as we have reviewed them, we are unable to see how any question of title could arise. The only liens referred to in any way in the

pleadings, beyond those mentioned in the written agreement, were a judgment in favor of one J. H. Williamson in the sum of $46.50, and a judgment in favor of the Commissioners of Butler County for $300, both of which are included in defendants' counter-claim; as to these, plaintiffs, in their reply to the counter-claim, assert that credit was given for the first when the deeds were exchanged and that they paid the other. There are no averments anywhere in any of the pleadings that the title of either of the parties, or of the third party to whom the farm has been conveyed, is defective in any particular. All indebtedness, except the mortgages, has been paid, according to the averments of the pleadings, and the only question for trial was whether plaintiffs or defendants were liable, under the contracts upon which suit was brought, for the payment of the liens and debts which were not expressly assumed under the deeds. In our opinion, the decisions construing the Act of 1810, excluding the jurisdiction of Justices of the Peace in "cases of real contract where the title to lands or tenements may come in question," have no application to the County Court Act. The court below relied upon these decisions, but it is to be noted that the County Court Act does not exclude the jurisdiction of that court merely because a case may be based upon a contract concerning, or in some way connected with, a real estate transaction.

The conclusion we have stated, with respect to the jurisdiction of the county court, does not dispose of the case; the reversal of the judgment appealed from does not entitle plaintiffs to a judgment in their favor. As we view it, the common pleas was fully justified in allowing an appeal in this case. We have examined the charge of the trial judge in the county court and are convinced that it was inadequate and did not present to the jury important issues raised by the plead-

ings.   In addition to challenging the jurisdiction, counsel for defendants contended that the provisions of the written contract of August 26th were so merged into the deed of conveyance of September 1st, that the only encumbrances for which they were liable were the two mortgages specified in the deed to them. They rely upon the general rule that, in the absence of fraud or mistake or of an intent to the contrary, an antecedent contract for the purchase of land is merged in the deed: Dobkin v. Landsberg et ux., 273 Pa. 174. It is true that, upon the delivery and acceptance of a deed, such a "prima facie presumption" arises, but it is a rebuttable presumption and such merger is a matter of the intention of the parties.   Many matters, for instance, the declarations and conduct of the parties at the time the agreement and deed were executed, etc., must be taken into consideration in arriving at the proper disposition of this contention by defendants.   This important issue was not submitted to the jury in the county court and we are, accordingly, of opinion that the case should be retried in the common pleas.

The judgment entered December 18, 1931, in favor of the defendants is reversed and the record is remitted for further proceedings in the common pleas not inconsistent with this opinion.