## Almar Building & Loan Association *v.* Broad Street Trust Company, Appellant.

Argued November 14, 1934.

466

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Alfred G. Muench* of *Pepper, Bodine, Stokes & Schoch,* for appellant.

*Gilbert J. Kraus* of *Kraus & Weyl,* for appellee.

Opinion by Stadtfeld, J., February 1, 1935:

This was an action in assumpsit by the South Penn Building and Loan Association, subsequently merged with the Almar Building and Loan Association, which was substituted as party plaintiff, against the Broad Street Trust Company to recover back money alleged to have been paid out upon a forged endorsement.

This was the second trial of the case. Appellee showed that it was a depositor in the appellant bank, and that it drew a check upon the bank on October 6, 1926, in the sum of $1,500 payable to the order of Lester M. Swang, which check was paid by the appellant on October 11, 1926, and charged against appellee's account. Lester M. Swang, who testified at the former trial, was not called at the second trial, but the court permitted his former testimony to be read over ap-

pellant's objection. Prior to reading his testimony, appellee showed that a telegram was sent to Swang at Ogdensburg, New York, on April 24, 1934, to which he replied by telegram, dated April 25, 1934, stating that he was at Ogdensburg, in New York, and could be reached at that place. Appellant proved, by a letter and telegram, that Swang, if requested, would appear as a witness at the trial. It was further shown that appellee's counsel wired to Swang saying that he had no objection to his appearing if appellant paid his expenses. It was also shown that Swang thereupon wired appellant's counsel that he would come if appellant requested him to. Appellant made no such request.

Swang's former testimony was to the effect that his name, which appeared on the back of the check, was not signed by him nor by anyone with his authority, and that he first saw the check at the offices of the appellee on September 12, 1927. Appellant's primary defense was that appellee had actual knowledge of the forgery prior to September 12, 1927, and, in addition, that it had knowledge of such facts as should have aroused in it a real suspicion that a fraud had been committed, and its failure to follow up that knowledge was such negligence to preclude it from a recovery.

Appellant produced a Mrs. Walker, one of the endorsers of the check, who testified that Louis Cohen, the conveyancer of the South Penn Building & Loan Association, confessed to her that he forged the check, and that she conveyed that information to the appellee's secretary, either in November or December of 1926. It was also shown that Louis Cohen was arrested in January, 1927, and convicted in May, 1927, for frauds of this and a similar nature involving, to some extent, the funds and affairs of the appellee, but not involving the forgery in the instant case.

The court refused appellant's point for binding instructions, submitted the case to the jury and a verdict was found in favor of the appellee.

Motion for new trial and for judgment n. o. v. were overruled, and judgment entered on the verdict. From that judgment defendant appealed.

Appellant contends that plaintiff failed to show the date on which it first acquired knowledge of the forgery and that it then promptly gave notice to appellant.

The testimony of Swang showed that his name appearing as an endorsement on the check was not signed by him nor had he authorized anyone to do so for him. He stated that at the time the check was drawn he was in the Navy on active duty, going from place to place. He joined the Association through Mr. Cohen, paid his dues through him and first heard about the check during the beginning of September in 1927. The matter was brought to his attention by his wife who had received an unclaimed letter addressed to Mr. Cohen containing dues for the appellee association. Thereafter he came to Philadelphia, interviewed the secretary of the Association and, on September 12, 1927, for the first time was shown the check. Appellant admitted the receipt of notice mailed on September 13, 1927, wherein it was stated that the check was forged, but denied that appellee first had knowledge of the forgery on that date, and contends that under the testimony of Mrs. Walker, it had notice of the forgery during November or December, 1926, and therefore was put on inquiry at that time.

The trial judge instructed the jury, inter alia, as follows: "But the most strenuous defense insisted upon by the defendant is a direct statement, alleged to have been made by Mrs. Walker within two or three months, I think she said sometime between November and December of 1926, a statement alleged to

have been made by her to Russ, the secretary, that Cohen told her he forged Lester Swang's name. If you believe that then you have evidence of a fact involving this instrument, which I say to you under the law is sufficient to have the building association put upon notice and upon inquiry, and it was its duty to immediately communicate that fact to its depository, the bank, the defendant in this case. ...... If you find these to be facts, that the first notice that they had that there was anything wrong with the check was on September 12th, and that on September 13th they communicated with the bank, then I say to you you ought to find a verdict for the plaintiff in this case. But if the facts point to you that they had information as early as November or December of 1926 and that they did nothing about it, that they said nothing to anybody about it, that they waited until September 13th of 1927 to notify the bank, you would be equally justified in saying that the bank is released from its obligation, and the verdict should be for defendant.'' The credibility of the witness, Mrs. Walker, was for the jury. The circumstance of her interest and responsibility, by reason of her husband and herself having endorsed the check, and the fact that Russ, secretary of plaintiff association, to whom she claimed to have made the statement was dead, and unable to deny her statement, no doubt weighed heavily with the jury.

The question of prompt notice was, under the testimony, one to be decided by the jury, and it would have been error to have given binding instructions for defendant.

Appellant further contends that the court erred in the admission of the deposition of Lester M. Swang, a witness at the former trial. Swang, at the time of the second trial, was outside the jurisdiction and beyond the subpoena power of the court. According to the testimony, he was willing to appear as a witness if

his expenses had been advanced to him, and appellant's counsel was advised of this fact. No request was made for him to appear.

The Act of May 23, 1887, P. L. 158, Sec. 9, (PS 28, Sec. 327) provides as follows: "Whenever any person has been examined as a witness in any civil proceedings before any tribunal of this commonwealth or conducted by virtue of its order or direction, if such witness afterwards die, or be out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he becomes incompetent to testify for any legally sufficient reason, and if the party, against whom notes of the testimony of such witness are offered, had actual or constructive notice of the examination and an opportunity to be present and examine or cross-examine, properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed between the same parties and involving the same subject-matter as that upon which such witness was so examined; but for the purpose of contradicting a witness, the testimony given by him in another, a former proceeding, may be orally proved."

The Supreme Court in Giberson v. Patterson Mills Co., 187 Pa. 513, 41 A. 525, sustained the action of the trial judge in admitting the notes of testimony of a witness at a prior trial, on the ground that the witness was out of the State and not subject to subpoena, over the objection that plaintiff had not made proper efforts to secure the attendance of the witness at the trial.

The only requirements of the Act of 1887 are that the witness "be out of the jurisdiction so that he cannot be effectively served with a subpoena ...... and if the party against whom notes of such testimony are offered, had actual or constructive notice of the ex-

amination and an opportunity to be present and examine or cross-examine."

The same conclusion was arrived at before the Act of 1887 in the case of Magill v. Kauffmann, 4 S. & R. 317. Quoting from the opinion of Mr. Chief Justice TILGHMAN in that case, p. 318: "To preserve consistency of principle, it appears to me, that in the present instance we should consider the residence of the witness in the State of Ohio, the same thing as his death, for the purpose of letting in the evidence of what he swore on the former trial. ...... *It is to be remembered, that it is in the power of the adverse party, to prevent the secondary evidence, by sending a commission to examine the witness in the State where he resides. And if he will not do this, it will tend to the easier administration of justice, to admit proof of what the absent witness had sworn on an occasion, where there was an opportunity of cross-examining him.*" (Italics supplied) See also Molloy v. U. S. Express Co., 22 Pa. Superior Ct. 173. The case of Ferguson v. Barber Asphalt Paving Co., 59 Pa. Superior Ct. 386, cited by appellant, is readily distinguishable from the instant case.

It was within the power of appellant to procure the attendance of Lester M. Swang at the trial, or have taken his deposition in the State where he resides, if he desired to further cross-examine him. We think the depositions of Lester M. Swang were properly admitted.

The assignments of error are overruled and judgment affirmed.