## Vacca v. Gaspero

*Martin F. Papish*, for plaintiff.

*Samuel T. Kaplan* and *Michael A. Foley*, for defendant.

WINNET, J., August 5, 1942.—The motion for a new trial raises only one point: the propriety of using the prior testimony of plaintiff at the first trial.

This was a suit by plaintiff to recover moneys which he paid to defendant on the purchase of furniture. His

allegation was that he purchased the furniture from defendant for the total sum of $365. He paid on account $270. At the time of the purchase, according to plaintiff, it was agreed that if the plaintiff was inducted into the service he would be refunded his deposit. He alleged that he was inducted into the service but defendant refused to return the money he had deposited. He further alleged that, notwithstanding his right to the refund, he offered to carry out his contract by paying the balance but defendant demanded a larger sum. Defendant denied that he had any dealings with plaintiff and placed full responsibility on his son.

At the first trial, plaintiff was present in court and testified. It resulted in a finding for defendant. A new trial was granted.

The second trial took place before me without a jury. Plaintiff himself was unavailable as a witness. By agreement a letter from his commanding officer at Fort Belvoir, Va., was introduced which stated: "Pvt. Vacca is no longer with this organization. He left under secret orders, destination unknown by this organization." His testimony at the former trial was offered in evidence and received under objection of defendant, the contention of counsel for defendant being that there was no such unavailability as to permit the use of this testimony. Counsel also contended that he did not try the first case and did not want to be bound by the cross-examination of plaintiff by the former attorney of defendant. In addition to plaintiff's testimony, there was the corroboration of three other witnesses who testified at the trial. Defendant and his son both took the stand.

Defendant's testimony was unworthy of belief. Both he and his son were evasive and contradictory and no credence could be given to their statements. I found as a fact that the plaintiff made an agreement with defendant to purchase the furniture on the condition that any deposit would be refunded to him on his induction into the service. I found also that, notwithstanding

plaintiff's willingness to complete the agreement and to receive the furniture, defendant demanded a sum of money in excess of what was legally due. I found for plaintiff in the sum of $279.45.

At the argument for the new trial, counsel for defendant rested his case on the alleged error in the use of plaintiff's prior testimony.

That plaintiff was unavailable as a witness cannot be disputed. The general principle is that former testimony can be used when there is a necessity for so doing: Wigmore on Evidence (3rd ed.), sec. 1402. A clear necessity would be, of course, in case of death. It has been held that absence from the jurisdiction will warrant the use of testimony given at a former trial: Magill et al. v. Kauffman, 4 S. & R. 317; Forney v. Hallagher, 11 S. & R. 203; Giberson v. Patterson Mills Company, 187 Pa. 513; Almar B. & L. Assn. v. Broad Street Trust Co., 116 Pa. Superior Ct. 465.

The rule is no different if the witness is a party to the cause. Parties are witnesses when they appear in courts and testify and the same rules apply to them as any other witnesses. Their testimony may be given by deposition. Of course, this use of the deposition of a party at a trial is subject to the discretion of the court: Beishline v. Tatterfield, 22 D. & C. 701; Sims v. Cooper et al., 27 Dist. R. 471.

Plaintiff, a soldier, was absent from the jurisdiction. He was clearly unavailable as a witness at the trial. A more noble reason for his absence and unavailability could not be found. His cause should not be delayed because he is serving his country. The spirit of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, clearly compels the protection of the interest of a man serving his country by giving him a speedy trial where one is demanded by him.

After all, the main and essential purpose of requiring confrontation and attendance is to secure for the opponent the opportunity of cross-examination. Defend-

ant had a full opportunity of cross-examining plaintiff at the former trial. Counsel for defendant particularly objected to the admission of the prior cross-examination of plaintiff. He undoubtedly felt that he was more able than the former attorney and his client should not be bound by damaging statements elucidated through unskillful cross-examination. A trial of a case is not a game. Plaintiff had made his appearance as a witness in court. He was subjected to cross-examination. His entire deposition at the former trial became available at this trial. Whether the statement was damaging or not the judge trying the second case is entitled to all the testimony of the witness which was properly before the court at the first trial. A change of counsel does not entitle a party to withdraw a part of this testimony.

Plaintiff's case did not depend alone on his former testimony. He was corroborated by his bride-to-be who was a witness to the negotiations and also by his mother and brother. The finding is clearly supported by the evidence.

The motion for new trial is dismissed.